## Moran *v.* Valley Forge Drive-In Theater, Inc. et al., Appellants.

Argued January 11, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

434

*Albert R. Subers,* with him *Bean, DeAngelis, Tredinnick & Giangiulio,* for appellants.

*Lindley M. Cowperthwait, Jr.,* with him *Charles Potash,* and *Wisler, Pearlstine, Talone & Gerber,* and *Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY MR. JUSTICE JONES, October 3, 1968:

This appeal challenges the propriety of the refusal of the Court of Common Pleas of Montgomery County to enter a judgment n.o.v. or, in the alternative, grant a new trial in a trespass action for personal injuries instituted by Donald J. Moran against Valley Forge Theater, Inc. and certain individuals, allegedly the owners and operators of a drive-in theater (Theater), wherein a $12,000 verdict was entered in Moran's favor.

On May 17, 1963, Moran, with his wife and two minor children, purchased tickets for the evening show at the Theater and entered upon the Theater premises. At the conclusion of the first movie showing, Moran went to the theater rest room and, while approaching the rest room, observed 6 or 8 teenagers acting in a boisterous manner near the rest room. While Moran was in the rest room a lighted firecracker explosion took place therein as a result of which, for a period of time, Moran lost his hearing, and, thereafter, had a loud ringing in his ear accompanied by shock.

Judgment N.O.V.

The Theater urges that the court below erred in refusing to enter judgment n.o.v. in that Moran failed to carry his burden of proving negligence on the part of the Theater which caused the accident. The thrust of the Theater's argument is that there was no testimony showing that it knew or had reason to know of the likelihood of a firecracker explosion in the rest room as distinguished from other portions of the Theater premises.

The record reveals that, on rather frequent occasions prior to the accident, boisterous and disorderly conduct had taken place on the Theater premises. On approximately twelve occasions each year over the two year period immediately preceding this accident there had been firecracker explosions on the Theater's premises and, on one occasion, a firecracker had been exploded in the men's rest room of the Theater; on one occasion, Theater guardians had been roughly treated and other acts of rowdyism had taken place in the same two year period. The Theater gave no warning, either by prohibiting the lighting of firecrackers or by signs warning patrons of the possibility of firecrackers being exploded on the premises, although on the night of the accident three rampmen, charged with maintaining decorum, were on duty.

After a study of this record, we are convinced that Moran did establish sufficient facts from which the jury reasonably could have inferred negligence on the part of the Theater. We believe the court below adequately disposed of this contention in the following manner: "There is a well established Rule of Law that the liability of a possessor of land who holds that land open to patrons for business purposes has a duty to prevent tortious acts of third parties to his patrons,

or to warn his patrons of the possibility of such tortious acts. The law regarding this duty is well set forth in Section 344 of the Restatement 2d, Torts: 'A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent or intentionally harmful acts of third persons . . . of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise protect them against it.'

"Comment f to Section 344, applies with specific particularity to the present case at bar, and states as follows: 'Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of the third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate a careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.'

"Applying the above law to the evidence in this case, we must conclude that the prior occurrences of rowdiness by teenagers; the multitudinous firecracker explosions; and the inability of rampmen to maintain

proper decorum were sufficient to make out a question of fact for the jury. It was also a question of fact for the Jury as to whether or not the [Theater] took adequate measures to either warn patrons of possible danger or to prevent acts on the part of third persons which might injure patrons of the theater. The [Theater] contend[s] in their brief that the record is devoid of testimony which would show that the [Theater] knew an explosion was to take place in the rest room, and further was devoid of testimony that there were any means by which the [Theater] could have discovered that an explosion was to take place. Under Section 344 of the Restatement 2d, Torts, it is not necessary for defendants to be specifically aware of the exact location on their premises where patrons might be injured by the tortious acts of third persons. It is sufficient to establish a jury question of liability if the evidence, as in this case, shows that the defendants had notice, either actual or constructive, of prior acts committed by third persons within their premises which might cause injuries to patrons.

"The second basis of [The Theater's] Motion for Judgment N.O.V. is the contention that there was nothing the defendants could have done which would have prevented the injuries to the plaintiff. The defendants argue that there is no way of preventing someone from throwing a firecracker if that person has such an intent. We feel this argument is not justified under the applicable rule of law. It is not necessary that there be an absolute protection of all persons since the occupant of land for business purposes is not the insurer of the safety of his patrons. It is merely necessary, under the Restatement 2d, Torts, Section 344, that reasonable measures be taken to control the conduct of third persons, or to give adequate warning to enable patrons to avoid possible harm. It then becomes

a question of fact for the jury as to whether or not the [Theater] fulfilled [its] responsibility under the law. In this case there was a jury question as to whether adequate measures were taken to control the conduct of third persons, and further, a question for the jury as to whether or not the [Theater was] justified in failing to give sufficient warning which might have enabled the patrons, such as [Moran], to avoid possible danger. The Jury having decided these questions in favor of [Moran] and against the [Theater], this Court sees no reason for entering a Judgment N.O.V."

We agree with the court below in its refusal to enter a judgment n.o.v.

## New Trial

It is initially contended that the trial court erred in permitting testimony relating to prior disturbances on the Theater premises which were not restricted to the rest room of the Theater. It is urged that only firecracker incidents which took place within the theater rest room were admissible into evidence. The court below permitted testimony as to firecracker incidents which took place not only in the rest room but in other portions of the premises of the drive-in theater.

The Theater relies upon *Regelski v. F. W. Woolworth Co.*, 423 Pa. 524, 225 A. 2d 561 (1967), and it reads *Regelski* as mandating that evidence relating to prior incidents of disorder be restricted to the particular portion of the premises wherein the accident occurred and directing that other evidence of prior incidents of rowdyism elsewhere on the premises be excluded. We do not so read *Regelski*. In our view, *Regelski* did not limit the introduction of testimony

of prior incidents to the exact place on the premises where the injury occurred.

Comment f to Section 344 of Restatement 2d, Torts, states: "If the place or character of [the land possessors] business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."

The Theater invited the public to its entire premises and, in view of the testimony that, prior to the accident, rowdyism and boisterous conduct had occurred, including the explosion of firecrackers, it would be highly unreasonable to limit an injured person to the introduction of testimony solely relating to the actual place where the injury occurred and would, in our opinion, be in conflict with the sound principles of Section 344 of Restatement 2d, Torts.

We find no merit in this contention of the Theater.

Lastly, it is urged that the verdict of $12,000 was grossly excessive because Moran had only $65.00 in medical expenses and his salary has increased since the time of the accident. We believe that the trial court, who heard and saw the witnesses, particularly Moran and his medical witness, Dr. Rex, properly disposed of this contention in the following manner: "We feel that in this case where the hearing of the plaintiff has been so greatly affected, the reasonableness of the verdict cannot be determined on the basis of possible multiples of the special damages. As shown from the plaintiff's testimony, he has a permanent partial loss of hearing and a continual ringing in his ear in addition to experiencing difficulty in hearing what is said in large groups. This loss has also greatly af-

fected the plaintiff's relationship with his family. His temper flares up more when he is talking with his wife and family. Under the circumstances of a permanent partial loss of hearing causing difficulties with his family and with others, which the plaintiff will have to live with in the future, we cannot see that the verdict of the Jury was so grossly shocking to our sense of justice so as to make necessary a new trial of this case."

Our examination of the instant record leads us to the conclusion that the court below properly refused to enter a judgment n.o.v. or, in the alternative, to grant a new trial.

Judgment affirmed.

Mr. Justice COHEN dissents.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I would grant a Judgment N.O.V., or at least a new trial.

In order to reach its conclusion, the Majority first change, by necessary implication, and in practical effect ignore the principle that a possessor of land is not an insurer. Moreover, the prior disturbances occurred in another part of the theatre, and the theatre had three rampmen to police or attempt to police the theatre. Furthermore, the Majority then let the jury *guess* (1) what warning should have been given, and (2) how any warning would have prevented this unlawful and criminal act of rowdy, undisciplined children, and (3) what additional protection the defendants should have supplied.

For each and all of these reasons, I dissent.