## Biechy v. Bangor Park Board

*Francis Ede*, for plaintiffs.

*John DiGiacomo* of *Fackenthal, Teel & Stettz*, for defendants.

GRIFO, J., March 6, 1972.—This matter is before the Court on defendants' preliminary objections, in the nature of a demurrer, to plaintiffs' complaint.

The complaint alleges, inter alia:

That on June 30, 1971, at about 8 p.m., the said minor, Karen Biechy, was in the said pool with other friends of hers and, while in said pool, she was hit in the mouth by a hair brush, thrown by someone unknown to plaintiffs and who was standing near an employe and guard of said defendants.

That at said time and place the pool and the operation thereof was under the exclusive control of defendants, individually or jointly.

That because of the negligence of defendants, individually or jointly, the said minor, Karen Biechy, had a lower, right, central tooth broken off which required a root canal, a gold post reenforcement and a crown.

That said negligence on the part of defendants, hereinbefore named, consisted of

(a) that they failed to properly protect plaintiff, Karen Biechy, who was lawfully upon the premises for the consideration herein named;

(b) that the lifeguard in control was permitting other guests to run around in a playful manner on the outside of said pool and, as a result, one of those running around threw the hair brush into the pool, striking the minor, Karen Biechy;

(c) that they failed to have due regard for the right, safety and position of the said minor, Karen Biechy, a guest in said pool.

Defendants have demurred, generally, on the ground that the complaint fails to state a cause of action.

Defendants' demurrer is clearly deficient under Pennsylvania Rule of Civil Procedure 1028, for failure to state specifically the grounds relied on. A preliminary objection in the nature of a demurrer is itself insufficient when it merely states that a pleading does not set forth a cause of action: 2A Anderson Pa. Civil

Practice, §1028.1(e), pages 497, 498. However, under Pa. R. C. P. 126, the court may disregard any error or defect of procedure which does not affect the substantive rights of the parties.

The matter was submitted for argument on briefs of counsel. Plaintiffs chose to disregard the deficiency in defendants' pleadings and addressed themselves, rather, to the substantive issues involved. Under these circumstances, we conclude that the rights of plaintiffs have not been affected by the said deficiency and, therefore, invoke the provisions of rule 126 as to the defective pleadings. This leaves for determination the substantive issues.

Both plaintiffs and defendants have cited section 344 of the Restatement of Torts, 2d. Section 344 provides as follows:

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

"(a) discover that such acts are being done or are likely to be done, or

"(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."

Comment f of section 344 provides:

"Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur . . ."

Plaintiffs argue that the lifeguard in charge of the pool area should have known that when young people were running around the pool in a playful manner, an innocent person might be hurt, and that it was the guard's duty to prevent the play. However, these allegations are not sufficient to impart to the possessor of land either actual or constructive knowledge that harmful acts of third persons were occurring or about to occur. Indeed, one of the very purposes of a swimming pool is to provide a recreation area for young persons. It is but common knowledge that when young people assemble for recreational purposes, a certain amount of playful conduct must, and should, be expected and condoned.

It is only if the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, that a duty is imposed on a possessor of land under section 344 of the Restatement, 2d: Moran v. Valley Forge Drive-In Theater, Inc., 431 Pa. 432, 436, 246 A. 2d 875 (1968). The complaint contains no allegations of this nature and, therefore, fails to establish a cause of action.

Accordingly, the court enters the following

## ORDER OF COURT

And now, March 6, 1972, the preliminary objections of defendants, Bangor Park Board and the Borough of Bangor, are hereby sustained.

Plaintiffs are given leave to file an amended complaint within 20 dyas from the date of this order, or the demurrer is allowed and the complaint dismissed.