## Mandelbaum v. Fidelity Bank

*Jeffrey Allen Sigman,* for plaintiff.
*John J. Hart,* for defendant.

BIESTER, *J.,* October 7, 1987 — We have considered the evidence which was presented to the court and the memoranda of law which have been submitted.

This matter was initiated as a personal injury action in which plaintiff Norman Mandelbaum sought to hold defendant Fidelity Bank liable for the intentional misconduct of a third party. The misconduct by the third party occurred on Fidelity's premises and led to Mr. Mandelbaum's injuries. After Mr. Mandelbaum filed the complaint against Fidelity, Fidelity filed a defendant's complaint against an additional defendant, Arthur Stiles. In Fidelity's complaint against Mr. Stiles, Fidelity claimed that Mr. Stiles was the negligent party who was solely liable for Mr. Mandelbaum's injuries.

The evidence presented to the court provided us with the following chain of events.

Mr. Stiles had entered the Fidelity Bank on or about the morning of July 5, 1983. Presumably Mr. Stiles' presence in the bank was for the purpose of

transacting bank business. Once inside the bank Stiles became increasingly frustrated with a Fidelity Bank teller. Unable to accomplish his goals with the teller, Mr. Stiles sought the assistance of a bank officer, approaching him at his desk. When Mr. Stiles was not given the bank officer's immediate attention his frustration peaked. The evidence presented to the court indicates that without any provocation or notice whatsoever, Mr. Stiles became enraged, and suddenly picked up a large chair and hurled it from within the bank through a bank window which faced the entrance.

Mr. Mandelbaum, a customer of Fidelity Bank, had the misfortune of entering the bank as Mr. Stiles projected the chair through the window. The resulting shards of glass covered Mr. Mandelbaum and caused him to suffer sudden shock.

Mr. Mandelbaum has alleged damages in the nature of lost earnings, medical expenses and both mental and physical pain and suffering; all of which plaintiff states he may again incur in the future. It is Mr. Mandelbaum's contention that the liability for his injuries rests with Fidelity Bank. Mr. Mandelbaum urges that Fidelity's negligence lies, inter alia, in the following:

(a) Failing to construct its building with shatterproof glass,

(b) Failing to install safety devices to prevent the shattering of glass and the striking of its patrons,

(c) Failing to take reasonable care in maintaining the premises in a safe condition,

(d) Failing to warn its patrons of the dangerous conditions so that they can avoid them,

(e) Creating the opportunity for a third person to commit a crime or an intentional tort on its premises

where and when the defendant realizes or should realize that the opportunity has been created,

(f) Failing to have a security guard in the premises at the time of the incident,

(g) Having notice of the dangerous conditions and acting unreasonably and negligently in not taking reasonable steps to protect the plaintiff,

(h) Failing to properly instruct its agents, servants and employees on how to handle a patron who exhibits dangerous behavior,

(i) Failing to notify the police authorities prior to the incident in order to remove the third party patron from the premises,

(j). Failing to protect the safety of the patrons and business invitees of the defendant,

(k) Being otherwise careless, reckless and negligent in regard to the care for and protection of its business invitees and other patrons similarly situated, especially plaintiff, Norman Mandelbaum.

The question now before us is whether Fidelity is liable for an alleged breach of duty which somehow enabled Stiles' intentional conduct to cause the harm suffered by plaintiff. In determining whether Fidelity could be liable for Mr. Mandelbaum's injuries, we will examine whether Fidelity owed a duty of care to Mr. Mandelbaum and, if so, whether Fidelity breached the duty owed.

A careful examination of the evidence in this case, in light of existing case law, leads us to conclude that plaintiff's counsel cause of action cannot be sustained.

It is clear that Pennsylvania courts follow section 344 of the Restatement (Second) of Torts (1965). *Carswell v. Southeastern Pennsylvania Transpor-*

*tation Authority,* 259 Pa. Super. 167, 393 A.2d 770 (1980). Section 344 provides that one who possesses land open for a business purpose is liable for the intentionally harmful acts of third persons if the possessor fails "to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid harm or otherwise protect them against it." Section 344, Restatement (Second) of Torts (1965). To sustain a section 344 claim, plaintiff must go beyond proving merely that the injury was caused by a third-party wrongdoer on defendant's land. It is essential to a section 344 claim that plaintiff prove that defendant-land possessor was a negligent party. *Murphy v. Penn Fruit Co.,* 274 Pa. Super. 427, 418 A.2d 480 (1980).

Mr. Mandelbaum's claim suggests that Fidelity was negligent because the bank did not guarantee his safety from a third-party wrongdoer. The evidence indicates that Fidelity had neither actual nor constructive notice of Mr. Stiles' unanticipated and unpredictable conduct. Moreover, no evidence was presented to this court which would indicate that Fidelity Bank had experienced criminal or harmful acts by third persons upon its premises prior to the harmful display of conduct by Mr. Stiles.

The Supreme Court of Pennsylvania has recognized the "traditional rule that a person cannot be held liable for the criminal acts of third persons. . . ." *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984). This notion was specifically extended to one who possesses land open for a business purpose when the court adopted comment (f) of section 344. *Moran v. Valley Forge Drive-in Theater Inc.,* 431 Pa. 432, 246 A.2d 875 (1968). See also *Feld v. Merriam,* supra, 485 A.2d at 745. The major prem-

ise stated in comment (f) is: "Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur."

The language of comment (f) as it was adopted by our courts leads us to conclude in the present case that Fidelity Bank cannot be held liable as a negligent party because, to be negligent, it is necessary that a defendant breached a duty. In the present case there was no duty breached by Fidelity to Mr. Mandelbaum.

Fidelity had no notice of Mr. Stiles' conduct. Fidelity had never experienced harmful conduct on its premises. We find no merit in the claim that Fidelity did breach a duty by creating or permitting a harmful construction or design of the premises to occur. All evidence available to the court indicates that Fidelity Bank acted with reasonable care at all times. The same cannot be said for Mr. Stiles' activities. The unfortunate incident of July 5, 1983, does not render Fidelity Bank liable based on the mere fact that their locale was the choice of Mr. Stiles' misconduct which led to Mr. Mandelbaum's injuries.

Since negligence, the sine qua non of a section 344 action, is an element which cannot be attributed to Fidelity Bank in the present case, we conclude that Fidelity Bank cannot be held liable for plaintiff's injuries. For the foregoing reasons we enter the following

## ORDER

And now, this October 7, 1987, we find in favor of defendant Fidelity Bank and against plaintiff. Verdict in favor of defendant Fidelity Bank is entered.