621 A.2d 601

**Ilene FORGANG, Rhona Forgang and Warren Forgang, Appellants,**

**v.**

**UNIVERSAL GYM COMPANY, Universal Fitness Products, Abbey Racquetball Club, Inc., Medi Fitness Corporation, and Lisa Michaels, Additional Defendant.**

Superior Court of Pennsylvania.

Argued Oct. 13, 1992.

Filed Jan. 22, 1993.

Reargument Denied March 30, 1993.

Craig Bernstein, Philadelphia, for appellants.

Christine M.M. Brenner, Philadelphia, for appellees Abbey Racquetball Club and Medi Fitness.

Before BECK, HOFFMAN and BROSKY, JJ.

HOFFMAN, Judge:

This appeal is from the judgment entered September 30, 1991 following the trial court's order of a directed verdict in favor of appellee, Abbey Racquetball Club, Inc. ("Abbey").

Appellants, Ilene, Rhona and Warren Forgang ("the Forgangs") argue that the trial court erred in (1) entering a directed verdict where disputed issues of fact remained, namely whether appellee retained control of the premises and whether appellee was a landlord out of possession; (2) admitting into evidence a written agreement for the use of the facility for a prior fraternity party where appellants were not a party to that writing and were not present at the event; (3) making a factual determination that warning labels were placed on the equipment used by appellant; and (4) precluding cross-examination concerning the use of the facility where the terms of the rental agreement were unclear and at issue. For the reasons that follow, we reverse.

The undisputed facts are the following. In 1983, SAR, a fraternity held a party at Abbey Racquetball Club. Prior to the event, an agreement was signed by five individuals including SAR member Matt Weintraub and his parents Dan and Julie Weintraub. Because the organization consisted of minors, the rental agreement required the presence of five sponsors or chaperones at the event. Clause H of the agreement provided that "[n]o physical fitness equipment on the second floor may be used." Both Dan Weintraub and his wife were chaperones at the 1983 party and instructed the other chaperones that the partygoers were not to use the equipment.

On November 2, 1984, SAR held another party at Abbey and another agreement was signed. During the party, the club was not open to the general public or Abbey's regular members. As with the 1983 agreement, the new agreement required the presence of a minimum of five chaperones during the event. The document also provided for "[the] same rules and regulations as previous party." Thus, the equipment on the second floor was not to be used during the 1984 party. Nevertheless, during the party, appellant Ilene Forgang was utilizing a "pec dec" chest press machine when she was struck on both sides of her face and jaw by the arms of the machine, sustaining serious injuries.

Appellants filed a complaint against appellee alleging *inter alia* that Ilene Forgang's injuries were caused by appellee's negligent conduct. Trial commenced on October 23, 1990. On October 29, 1990, the trial court granted appellee's motion for a directed verdict and instructed the jury to enter a verdict in favor of appellee.[1] N.T. 10/23/90 at 512. The court reasoned that Abbey was a landlord out of possession and thus owed no duty to those upon the premises. *Id.* at 513. The court also granted the motion on the basis that notices were posted on the equipment prohibiting nonmembers from using the equipment. Appellants filed post trial motions which were denied. This timely appeal followed.

"On a motion for a directed verdict, the trial court must consider the facts in the light most favorable to the party against whom the motion is made and must accept as true all evidence which supports that party's contention and must reject all adverse testimony." *Cooke v. Travelers Ins. Co.,* 350 Pa.Super. 467, 471, 504 A.2d 935, 936 (1986) (citations omitted). A directed verdict may be granted only where the facts are clear and there is no room for doubt. *Id. See also Person v. C.R. Baxter Realty Co.,* 340 Pa.Super. 537, 540, 490 A.2d 910, 911 (1985).

Appellants argue that the court improperly granted the motion for directed verdict where disputed issues of fact remain. They assert that the trial court disregarded evidence which indicated that appellee retained control of the premises during the party. Specifically, they point to the fact that employees of appellee were present during the party. In addition, they point to a provision in the rental agreement in which appellee reserved the right to remove anyone not complying with the club's rules and regulations. *See* Agreement dated 10/2/84, Clause G ("The club employees have the right to ask anyone to leave the premises if they do not abide by the Abbey rules.") We agree.

1. The court also directed a verdict in favor of defendant Lisa Michaels. However, appellants do not appeal that order.

■ " 'As a general rule, a landlord out of possession is not liable for injuries sustained by persons on his or her property unless the landlord has retained the right to control the portion of the premises on which the injury occurred.' " *Ott v. Unclaimed Freight Co.*, 395 Pa.Super. 483, 487, 577 A.2d 894, 895 (1990) (citations omitted). *See also Juarbe v. City of Philadelphia*, 288 Pa.Super. 330, 343, 431 A.2d 1073, 1080 (1981). Moreover, a landlord who retains control is only liable if, by the exercise of reasonable care, the landlord could have discovered the condition and risk involved and made it safe. *Pierce v. Philadelphia Housing Authority*, 337 Pa.Super. 254, 257, 486 A.2d 1004, 1005 (1985).

Evidence in the instant case indicates that appellee may have retained a degree of control of the premises during the party. Therefore, appellee's reliance on *Farmers Export Co., Inc. v. Energy Terminals, Inc.*, 673 F.Supp. 715 (E.D.Pa.1987) for its assertion that the directed verdict was proper is misplaced. In that case, Farmers Export Co., Inc. ("Farmers") was a lessee of premises and Energy Terminals, Inc. ("Energy") was a sublessee of a portion of the premises on which an employee of Energy's contractor was injured. In determining whether Farmers maintained control of the leased premises, the court first looked to the wording of the lease agreement. The court placed particular emphasis on a clause granting Energy "exclusive use" of the property and providing that Energy was to make at its own expense all repairs and improvements to the property.

Next, the court examined the parties' respective actions taken on the premises. It noted that Energy had assumed complete control over selecting, paying, and directing the subcontractor's employees. Additionally, the court was "not persuaded by Energy's contention that Farmers' placement of [an employee] on the premises during working hours before the accident and its effecting remedial measures, after the accident, constitute control over the premises as a matter of law." *Id.* at 719. The court stated that the employee "was merely a fire watch instructed to look out for Farmers'

adjacent property. At no time, did [Farmer's employee] direct [the subcontractor's] employees on the premises." *Id.*

■ In the instant case, as in *Farmers Export*, a review of the rental agreement indicates that SAR leased the entire premises for their party and that "[s]ponsors are responsible for all in attendance." *See* Agreement dated 10/2/84. However, unlike *Farmers Export*, there are several indications that Abbey may have retained control over the premises.

Testimony of appellants' witnesses indicated that two Abbey employees were present "in a supervisory capacity." N.T. 10/26/90 at 437. One club employee handed out volleyballs and racquets for racquetball and the other employee walked around overseeing activities. N.T. 10/24/90 at 208; N.T. 10/26/90 at 437. A guest witnessed one of the Abbey employees roping off certain equipment during the evening. N.T. 10/23/90 at 79. Josh Weintraub, another guest, testified that one of the Abbey employees showed him how to use the exercise equipment. N.T. 10/24/90 at 195–196, 201. An Abbey employee also testified that "[their] job that night was to patrol the place and make sure that things ran right." N.T. 10/26/90 at 491. Moreover, the employees of Abbey were empowered to "ask anyone to leave the premises if they [did] not abide by the Abbey rules." *See* Agreement dated 10/2/84, Clause G. As there was evidence which a jury could interpret as showing that appellee had retained possession and control of the premises, the trial court erred in directing a verdict in favor of appellee.

For the foregoing reasons, we reverse the judgment in favor of appellee and remand for proceedings consistent with this opinion.[2]

Reversed and remanded; jurisdiction relinquished.

2. In light of our resolution of the above issue, we need not address appellants' remaining issues.