## McKnight v. CPC Systems

*Marcus A. McKnight,* for plaintiff.

*Leigh A. J. Ellis,* for defendants Angelo Sgro and Jeana Sgro.

BAYLEY, *J.,* March 16, 1993—Plaintiff, Stacey L. McKnight, alleges in her complaint that she was burned on March 21, 1989, while undergoing tanning in the business of Allan N. Campbell and Dorothy N. Campbell, t/d/b/a Fun Tan City, at 1148 Washington Street, Indiana, Pennsylvania. Plaintiff alleges the tanning

equipment she was using was manufactured and distributed by defendant CPC Systems, Inc., t/a Sontegra Division.[1] Plaintiff further alleges that defendants, Angelo Sgro and Jeana Sgro, who reside at 378 North Jeff Street, Kittanning, Pennsylvania, own the property where Fun Tan City was located. In a count of negligence against the Sgros, plaintiff alleges:

"As owners of the property, they knew or should have known that tanning equipment was being used which caused damages to the skin of the plaintiff; and

"the defendants failed to exercise sufficient control over the activities on the property which harmed the plaintiff."

In a count of breach of warranty against all defendants, plaintiff alleges:

"The defendants warranted both expressly and by implied warranties of merchantability an implied warranty of fitness, that the use of the tanning equipment was safe and would not cause the plaintiff harm.

"The plaintiff used the equipment and suffered severe burns, thereby breaching the express and implied warranties offered by the defendants."

The Sgros have filed a motion for judgment on the pleadings pursuant to Pa.R.C.P. 1024, that provides:

"(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

"(b) The court shall enter such judgment or order as shall be proper on the pleadings."

---

1. Venue in Cumberland County arises through this defendant pursuant to Pa.R.C.P. 2179(a). Counsel for the Sgros have previously improperly sought by a preliminary objection to the complaint to change venue to Indiana County as a matter of convenience pursuant to Pa.R.C.P. 1006(d)(1). See order dated January 3, 1992.

As to the Sgros, the pleadings consist of plaintiff's complaint and their answer and new matter. One paragraph of the new matter alleges: "Answering defendants had noted no duty toward plaintiff, because of their status as mere owners of the building in question." Plaintiff did not file a response to the new matter. In essence, the Sgros are using this motion for judgment on the pleadings as an alternative to preliminary objections to the complaint in the form of a demurrer. See Goodrich-Amram 2d §1034:2.[2] We may not consider exhibits or other documents that are not properly attached to the pleadings. Goodrich-Amram 2d §1034(b):9. No documents are attached to the pleadings in this case.[3] We may not consider depositions or any other materials that are outside of the record of the pleadings.[4] Goodrich-Amram 2d §1034(b):10. When the defendant is the party who moves for judgment on the pleadings, the averments in his or her answer must be ignored, and the factual allegations in the plaintiff's complaint must be taken as true; however, plaintiff's failure to deny allegations in the defendants'

---

2. A demurrer admits as well-pleaded facts and inferences reasonably deduced therefrom but not conclusions or averments of law. *Madden v. Jeffes,* 85 Pa. Commw. 414 (1984). If a fair reading of the complaint leads to the conclusion that plaintiff has pleaded facts which may entitle him to relief a demurrer may not be sustained. *Commonwealth v. Creamer,* 464 Pa. 2, 345 A.2d 702 (1975).

3. Plaintiff's counsel improperly attached to his brief a purported lease between the Sgros and Edward Brown.

4. Plaintiff's counsel in his brief improperly referred to deposition testimony of plaintiff. Such a deposition has not even been filed of record. Defendants' counsel in her brief improperly makes reference to a purported sublease between Edward Brown and the Campbells, something that is not in the pleadings.

new matter to which a response is required will be taken as true. Goodrich-Amram 2d §1034(b):12.[5]

Citing *Henze v. Texaco Inc.,* 352 Pa. Super. 538, 508 A.2d 1200 (1986), the Sgros maintain that as a matter of law they cannot be held responsible for the injuries incurred by plaintiff because of their status as a landlord out-of-possession. In Pennsylvania however, a landlord out-of-possession may incur liability if he has reserved control over a defective portion of the demised premises. *Pierce v. Philadelphia Housing Authority,* 337 Pa. Super. 254, 486 A.2d 1004 (1985). See also, *Forgang v. Universal Gym Company,* 423 Pa. Super. 416, 621 A.2d 601 (1993). Plaintiff in her complaint as to negligence alleged that "Defendants failed to exercise sufficient control over the activities on the property which harmed the plaintiff." That is a sufficient pleading whereby we cannot as a matter of law conclude *on the pleadings alone* that plaintiff has not stated a cause of action against the Sgros. As to the claim against the Sgros for breach of warranty, plaintiff has pled that they "expressly" warranted "that the use of the tanning equipment was safe and would not cause the plaintiff harm." That too is sufficient to state a cause of action against the Sgros.[6] We are not willing to read between the lines in the pleadings

---

5. Plaintiff did not have to respond to the allegation in the Sgros new matter that "Answering defendants have noted no duty toward plaintiff, because of their status as mere owners of the building in question," because that is a conclusion of law. *Youngman v. CNA Insurance Company,* 401 Pa. Super. 381, 585 A.2d 511 (1991).

6. If the Sgros had filed preliminary objections to the complaint we would have required plaintiff to file a more specific pleading setting forth facts in support of their allegations of both negligence and breach of warranty. However, no such remedy applies to a motion for a judgment on the pleadings.

nor can we assume facts which, if they are established in the record, can be used to support a motion for summary judgment pursuant to Pa.R.C.P. 1035.[7] Accordingly, the following order is entered.

## ORDER

And now, March 16, 1993, the motion of defendants Angelo Sgro and Jeana Sgro for judgment on the pleadings, is denied.

___

7. Rule 1035(a) provides: "After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits."