### Heasley v. Fanelli

C.P. of Westmoreland County, no. 3755 of 1994.

*Mike R. Rubinoff*, for plaintiff.
*Carmen A. Martucci*, for defendants.

LOUGHRAN, *P.J.*, July 7, 2000—On May 22, 1992, the plaintiff was a patron at Denny's Restaurant in Hempfield Township, Westmoreland County, when he was assaulted by the defendant, Frank A. Fanelli, and sustained injury. The plaintiff, in his complaint, avers that Denny's had notice of crimes which had occurred on the property and in the vicinity of the property, creating a risk of danger to the general public, and that Denny's thus had a duty to protect foreseeable victims against unlawful and criminal acts of third parties on their property. The plaintiff does not allege any specific facts of prior incidents; rather his negligence theory against Denny's is premised on the following averments in the complaint:

"Denny's had a duty to ascertain that the premises in question, including the parking lot, were safe for business invitees such as the plaintiff." (Complaint, paragraph 20.)

"Denny's had ample notice of the alleged dangerous condition of its premises 'as there had been numerous incidents of fighting and other disruptions at the facility requiring the presence of members of the Pennsylvania State Police to handle the problems.' " (Complaint, paragraph 21.)

Denny's knew through its employees, agents and servants of the dangerous condition of the premises in question and "knew that there was a likelihood of conduct on the part of third parties generally which is apt to endanger the safety of patrons/business invitees such as the plaintiff . . . (and that Denny's) had a duty to take precautions to protect business invitees against such conduct." (Complaint, paragraph 22.)

"Given the previous instances of disruptions and criminal activity at [Denny's] . . . Denny's could reasonably have expected criminal activity at that site." (Complaint, paragraph 23); and

"Denny's had a duty to give a warning adequate to enable business invitees such as the plaintiff to avoid harm or otherwise to protect business invitees from the harm by providing security guards and by taking other measures to protect business invitees." (Complaint, paragraph 24.)

Denny's answered the allegations of plaintiff's complaint by filing an answer and new matter denying the allegations of plaintiff's complaint in pertinent part and asserting as affirmative defenses, the plaintiff's own conduct and/or contributory or comparative negligence and/or assumption of the risk. Furthermore, Denny's set forth as an affirmative defense the fact that any injuries sustained by the plaintiff were caused solely by intentional

and/or criminal acts of parties other than Denny's for which Denny's is not liable; *i.e.:* Frank A. Fanelli, and filed a cross-claim against Fanelli pursuant to Pa.R.C.P. 2252(d).

The plaintiff's deposition has been taken and the parties have exchanged written discovery via interrogatories and requests for production of documents. Additionally, the transcripts of the trial testimony relative to the criminal prosecution of Frank A. Fanelli have been obtained for its relevancy into issues of contributory or comparative negligence and/or assumption of the risk. Denny's has moved for summary judgment contending that the evidence clearly establishes that no genuine issue of material fact remains for a trial and as such, it is entitled to summary judgment pursuant to Pa.R.C.P. 1035.

Summary judgment should not be entered unless a case is free from doubt; the moving party must prove that there is no genuine issue of material fact to be tried and that it is entitled to judgment as a matter of law and, moreover, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Richland Mall Corp. v. Kasco Construction Co.,* 337 Pa. Super. 204, 486 A.2d 978 (1984).

When asserting liability against an owner or possessor for damages caused by unlawful or criminal activity by third parties upon the premises, plaintiffs bear the burden of showing that the defendants had notice, either actual or constructive, of prior acts committed by third persons which might cause injuries to patrons. *Moran v. Valley Forge Drive-In Theater,* 431 Pa. 432, 437, 246

A.2d 875, 879 (1968); *Murphy v. Penn Fruit Co.,* 274 Pa. Super. 427, 431, 418 A.2d 480, 483 (1980). An owner or possessor of land is under no duty to exercise any care until he knows or has reason to know that unlawful acts of third persons are occurring or are about to occur. *Moran v. Valley Forge Drive-In Theater, supra.* An owner is not an insurer of a patron's safety; rather, a possessor of land may only be responsible for those acts of which it knew or, based on its experience, could reasonably expect. *Prather v. H-K Corp.,* 282 Pa. Super. 556, 423 A.2d 385 (1980).

It would appear that plaintiff relies upon statements from a state trooper that they always had to go there and statements by a manager of Denny's that they had problems with late night fights and had security guards, but for some reason Denny's let them go.

Giving all the benefit to the non-moving party, as this court is required to do, from the pleadings and the deposition a question of fact arises as to Denny's knowledge of late night problems that may, in the view of the factfinder, create a duty to provide security for patrons. Although, the evidence isn't all that impressive as presented, it is sufficient to create a question of fact that prevents this court from granting summary judgment.

Accordingly, defendants' motion will be denied.

### ORDER

And now, to wit, July 7, 2000, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the defendant Denny's Restaurant's motion for summary judgment is denied.