**Ross v. Sunoco Inc.**

C.P. of Fayette County, no. 628 of 2000, G.D.

*Leonard E. Sweeney,* for plaintiff.
*Brian S. Kane,* for defendant.

SOLOMON, *J.,* February 8, 2002—Before the court is a motion for summary judgment filed by the defendant, Sunoco Inc. The motion alleges that the plaintiff,

Charles A. Ross, has failed to establish a cause of action against Sunoco.

## BACKGROUND

This case arises from an altercation between the plaintiff and three unknown patrons at a gas station of the defendant. On March 29, 1998, the plaintiff entered the defendant's station with the intent to purchase gasoline. Unfamiliar with the fueling procedures, he had a dispute with the cashier over the defendant's after dark pre-pay policy. The cashier was the only employee on duty that night and was inside a protective glass enclosure. Also in the station were the three patrons. While the plaintiff was arguing with the cashier, one of the three patrons stated to him, "[s]top treating our sister that way." The plaintiff then decided to leave and, as he exited the station, he was struck on the back of the head by one of the three patrons. The three patrons then left the station and the plaintiff followed them in an attempt to gather license plate information. Instead, as he went around the corner of the station, the plaintiff was struck again. He then returned to the station to ask the clerk to call the police. Although the clerk offered medical assistance, the plaintiff refused and left the premises.

In this case, the plaintiff alleges that the defendant, by enclosing the cashier in a protective glass enclosure, was aware of the threat of criminal activity and thus must afford all patrons such protection and, in failing to do so, became liable for the criminal act of the third party(s).

## DISCUSSION

Motions for summary judgment are governed by Pa.R.C.P. 1035.2 and provide:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

Under subparagraph (2), if the record contains insufficient evidence of facts to make out a prima facie cause of action or defense, there is no issue to be submitted to a jury. To defeat this motion, the adverse party must come forth with evidence showing the existence of the facts essential to the cause of action or defense. Note, Pa.R.C.P. 1035.2.

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after relevant discovery has been completed. *Miller v. Sacred Heart Hosp.,* 753 A.2d 829 (Pa. Super. 2000). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990). Further, the court must examine

the record in the light most favorable to the non-moving party, *Sebelin v. Yamaha Motor Corp. USA,* 705 A.2d 904 (Pa. Super. 1998), and resolve any doubt in his favor. *Swartley v. Hoffner,* 734 A.2d 915 (Pa. Super. 1999); *Doe v. Philadelphia Community Health Alternatives AIDS Task Force,* 745 A.2d 25 (Pa. Super. 2000), *allocatur granted in part,* 563 Pa. 125, 758 A.2d 166 (2000), *affirmed,* 564 Pa. 264, 767 A.2d 548 (2001). Only then, if the record shows there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law, may summary judgment be invoked. *Young v. Eastern Engineering and Elevator Company Inc.,* 381 Pa. Super. 428, 554 A.2d 77 (1989). With this case law to guide us, we will now consider the defendant's motion for summary judgment.

Only in given limited circumstances does the law render one liable for the deliberate criminal acts of unknown third persons. *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984). In the case of landowners, it is not necessary that there be an absolute protection of all patrons, because a possessor of land for business purposes is not the insurer of the safety of its patrons. *Moran v. Valley Forge Drive-In Theater Inc.,* 431 Pa. 432, 435-36, 246 A.2d 875, 878 (1968). However, it is well established that a possessor of land who holds that land open to patrons for business purposes has a duty to prevent tortious acts of third parties to its patrons, or to warn its patrons of the possibility of such tortious action. *Moran v. Valley Forge Drive-In Theater Inc., supra.*

Specifically, section 344 of the Restatement (Second) of Torts (1968), adopted by the Supreme Court in *Moran, supra,* states that:

"A possessor of land who holds it out to the public for entry for his business purposes is subject to liability to members of the public while upon the land for such a purpose for bodily harm caused to them by the accidental, negligent or intentionally harmful acts of third persons . . . if the possessor by the exercise of reasonable care could have:

"(a) discovered that such acts were being done or were about to be done, and

"(b) protected the members of the public by

"(i) controlling the conduct of third persons, or

"(ii) giving a warning adequate to enable them to avoid harm."

Comment f to section 344 provides:

"Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know, or have reason to know, from past experience that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he had no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience is such that he should reasonably anticipate careless or criminal conduct on the part of a third person, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."

In order to establish a jury question as to liability, the evidence must show that the defendant had notice, either actual or constructive, of prior acts committed by a third person within their premises, which might cause injuries to patrons. *Moran, supra.* In *Moran,* a patron in a drive-in theater, while using the public restroom, lost his hearing when a group of other patrons threw firecrackers into the restroom. Since there had been similar previous incidents, our Supreme Court held that the defendant could be held liable for this third-party act because it had knowledge of such prior occurrences and, therefore, it was a question of fact for the jury as to whether or not it had taken adequate measures to either warn patrons of any possible danger or to protect the patrons from acts of third parties which might injure them. The crucial element to establish a jury question of liability was the notice, either actual or constructive, of the prior acts committed within the premises of the defendant.

Instantly, the plaintiff contends that because the cashier worked from behind a booth of protective glass, the defendant was aware of the possibility of violent crimes occurring in the store. However, the plaintiff has not proffered any evidence, or pointed to any in the record, that shows that the defendant had reason to anticipate acts by a third party against a patron, let alone notice, either actual or constructive, of any prior acts that might cause injury to a patron.

While the plaintiff correctly states that the court in *Donovan v. Strawbridge & Clothier,* 27 Phil. 540 (1994), held that there is a lower standard of proof for business invitees than for any invitees, and that the store need not

have notice of the *particular* condition that causes plaintiff's harm, his reliance upon it does not support his case. For this court to adopt the argument of the plaintiff, we would have to impose a strict liability standard on the defendant and all similar business establishments that are open after dark and provide protection for an employee. This clearly is not contemplated by section 344 of the Restatement (Second) of Torts, or by *Donovan*. The thrust of *Donovan, supra,* is that if a plaintiff relies on section 344, he cannot merely say that a store owner should always anticipate patron negligence or criminal activity and then recover; he must show reasons why such negligence or criminal activity should have been anticipated. *Donovan v. Strawbridge, supra,* at 554. As was noted above, the plaintiff has failed to proffer any such evidence.

The plaintiff next argues that there is a genuine issue of material fact. Specifically he cites *Miller v. Peter J. Schmitt & Co. Inc.,* 405 Pa. Super. 502, 592 A.2d 1324 (1991), for the proposition that the cashier had a duty to supervise the store patrons and, in failing to do so, the issue of whether the defendant breached this duty and is thus liable for the criminal conduct of a third party, is a question for the jury. However, this is unfounded. *Miller, supra,* dealt with a slip and fall in front of an ice machine which was stocked by an independent contractor. With regard to an independent contractor, the Superior Court held that a possessor of land could be held liable for the negligence of an independent contractor because it has a duty to exercise a reasonably careful supervision of the conduct of an independent contractor which it has employed or permitted to carry on an activity upon the

land connected with the business. Thus, *Miller* dealt solely with a duty in regard to independent contractors, not a duty to supervise all patrons upon the land connected with the business.

Lastly, plaintiff asserts that there "probably" is a special relationship that would subject him to a duty of care under Restatement (Second) of Torts, section 318. However, once again the plaintiff has failed to proffer any evidence in support of this assertion.

Therefore, after examining the record in a light most favorable to the plaintiff as the non-moving party, and resolving any doubt in his favor, it is clear that the record shows that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.

Wherefore, we will enter the following order.

### ORDER

And now, February 8, 2002, it is ordered and directed that the motion of the defendant, Sunoco Inc., for summary judgment, is hereby granted.