## Castellano v. Local 302 International Association of Firefighters

C.P. of Lehigh County, no. 2002-C-1604 consolidated with no. 2003-C-1010.

*Gary Figore,* for plaintiff.
*Joseph P. Connor III,* for defendant Local 302.
*Cary R. Breon* and *David S. Wolf,* for defendants Zaiter.
*Kenneth A. Goodman,* for defendant Stangl.
*Joseph P. Walsh,* for defendant Alkhal.

BLACK, *J.,* December 30, 2004—This matter arises from a shooting incident that occurred at a party held at the Firefighters' Home (the Home) in Allentown, Lehigh

County, Pennsylvania. The plaintiff was struck in the face by a bullet while attending the party. As a result, he suffered serious bodily injuries, for which he seeks both compensatory and punitive damages from the defendants.

Before the court for disposition are four motions for summary judgment as follows: (a) motion of defendants Local 302 International Association of Firefighters, William Held, Allentown Paid Fire Fighters Home Association, City Fire Fighters Union Local 302 International Association of Fire Fighters (the firefighter defendants); (2) motion of defendant Eddie Alkhal; (3) motion of defendants David Zaiter and Rami Zaiter; and (4) motion of defendant Justin Stangl.

For the reasons stated below, we have denied these motions, except for the motion of defendant Eddie Alkhal.

## FACTUAL BACKGROUND

Based on the depositions of the various parties and witnesses, the documents identified in these depositions, the affidavit of David Frederickson (professional engineer), and the expert reports of Robert M. Figlio Ph.D. and John J. Shane M.D., the pertinent facts are as follows:

The Home is located on 3.35 acres of land north of Fish Hatchery Road and east of Cedar Crest Boulevard in Allentown, Lehigh County, Pennsylvania. The property is owned by the City of Allentown and was leased on June 2, 1969, to the Allentown Paid Fire Fighters Home Association for a rental of $1 per annum. The lease was in effect at all times relevant to this litigation. The Home was used by members of the Local 302 Interna-

tional Association of Firefighters for meetings and events. In addition, the Home was often rented out to non-members in exchange for a donation to Local 302. Sometimes the non-members as well as members would utilize the facilities for social events open to the general public.

Defendants Rami Zaiter, David Zaiter, Justin Stangl and Joseph Azar (the party organizers) planned a social event at the Home for the evening of April 21, 2001. Arrangements were made with the custodian of the Home, defendant William Held, for use of the Home in return for a $40 donation to Local 302. Fliers were distributed inviting the general public to this event. A disc jockey was hired to provide music, and beer was available on tap for those attending the party. A $7 fee was collected from the attendees to cover the cost of the event, with the profits to be divided among the party organizers.

Defendant Eddie Alkhal helped out at the event by checking the identification of attendees and guarding the rear entrance of the Home.

On April 21, 2001, the party began at approximately 9:30 p.m. At least two members of Local 302 were in attendance at the party. Bars were set up inside the Home and partygoers enjoyed unrestricted access to alcohol, regardless of their age.

In a back room, beer-drinking contests known as "keg stands" took place. Participants were held upside down by their legs, and were to consume as much beer as possible in this position with the beer flowing directly from the tap into their mouths. At one point in the evening a fight broke out among those participating in keg stands, and someone pulled out a handgun. Panic ensued, and

people started running out of the building. In addition, several assaults took place outside the building during the course of the evening.

At approximately 3 a.m. on the morning of April 22, 2001, while the party was still underway, shots were fired into the Home. At the time of the shooting the plaintiff was inside the building. One of the bullets struck the plaintiff in the face, causing serious injuries, including the loss of his left eye, damage to his senses of taste and smell, and other injuries.

The identity of the shooter and the reason for the shooting remain unknown. The police have no suspects at present. The exact location of the shooter and whether he was a guest at the party also remain a mystery. However, Dr. John Shane, in his expert report, opines that the bullet traveled eight to 10 feet, placing the shooter several feet outside the building.

In the six years preceding the shooting incident, Rami Zaiter had attended at least 20 parties at the Home. Fights and underage drinking were commonplace. The Home's custodian, William Held, was aware of two prior shootings during social events at the Home.

## DISCUSSION

### I. *Summary Judgment Standard*

Summary judgment is warranted after the relevant pleadings are closed under the following circumstances: "(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional dis-

covery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

Summary judgment is to be granted only in a case that is clear and free from doubt. *Washington v. Baxter,* 553 Pa. 434, 441, 719 A.2d 733, 737 (1998). Where the plaintiff has produced, through depositions and/or expert reports, sufficient evidence of facts essential to his cause of action which would require the issues to be submitted to a jury, summary judgment must be denied.

## II. *The Plaintiff's Claim Against the Party Organizers*

The Restatement (Second) of Torts §344 (1965) defines the liability of a possessor of land for criminal acts of third parties as follows:

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

"(a) discover that such acts are being done or are likely to be done, or

"(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."

This section of the Restatement was adopted by the Pennsylvania Supreme Court in *Moran v. Valley Forge Drive-In Theater Inc.,* 431 Pa. 432, 246 A.2d 875 (1968). In *Moran,* the plaintiff brought an action against a theater owner after he lost his hearing when a firecracker was exploded in the theater bathroom. The court held that "[i]f the place or character of his business, or past experience, is such that he should reasonably anticipate a careless or criminal conduct on the part of a third person, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." *Id.* at 436, 246 A.2d at 878.

The court found that there were prior occasions of violence at the theater that could have placed the theater owner on notice. Therefore, the court determined that it was within the province of the jury to decide whether (1) the theater owner took sufficient action to warn patrons of the danger or prevent actions by third parties to prevent injury; (2) the owner fulfilled his responsibility to take reasonable measures to control third parties; and (3) the theater took adequate measures to control third persons and avoid danger.

The holding of the Pennsylvania Superior Court in *Rabutino v. Freedom State Realty Company Inc.,* 809 A.2d 933 (Pa. Super. 2002), is also instructive in the present matter. In *Rabutino,* a hotel owner and operator and hotel security company were sued after a shooting death at the hotel. A New Year's Eve party was being held on the night of the shooting with many drunken and underage guests in attendance. The hotel personnel were aware of the party, the underage drinking and the esca-

lating violence. Earlier in the evening the police were called and gunshots were fired. There was also a pattern of crime at the hotel on prior occasions. The court held that a reasonable jury could conclude that the plaintiffs' harm was foreseeable and that the defendants' conduct was a substantial factor in causing the harm.

In the present case the plaintiff was clearly a business visitor. He paid $7 for admission to the party, to which he had been invited as a member of the general public. Thus, the party organizers, who were in possession of the building that evening, had a duty to use reasonable care to discover potential criminal acts of third parties, to give a warning to the party guests of potential harm, and to take reasonable precautions to protect them against it. There is sufficient evidence from the deposition testimony and the expert reports submitted by the plaintiff to create genuine issues of fact on these matters. Therefore, it remains for the jury to determine whether the party organizers exercised reasonable care in the circumstances to warn the plaintiff of the potential danger or to otherwise protect him against it.

The party organizers were aware of violence at the Home on prior occasions. Rami Zaiter testified that altercations between attendees at prior events were commonplace, and that he knew of at least one prior shooting. The party organizers claim that they took adequate steps to prevent an outbreak of violence, including the use of a metal detector on attendees, a prohibition against bringing drugs or liquor into the Home, and identifying underage attendees with a hand stamp. However, a jury will have to determine whether these precautions were

sufficient and whether they were properly carried out on the evening in question. The fact-finder will also have to consider whether, once violence did break out at the party, the party organizers should have taken further steps to prevent it from escalating.

The party organizers argue that the plaintiff's complaint must be dismissed because he has been unable to identify the shooter. They also claim that the shooter may not have been on the property where the party was held. However, Dr. Shane's report places the shooter within a few feet of the building, and the shooting apparently occurred a short time after certain partygoers were physically assaulted just outside the Home. From this evidence, a jury could find that there was a causal connection between the shooting incident and the alleged failure by the party organizers to take reasonable steps to protect attendees from violence.

For these reasons, the motions of the party organizers, David Zaiter, Rami Zaiter and Justin Stangl, must be denied.

### III. *The Plaintiff's Claims Against the Firefighter Defendants*

The firefighter defendants were also obligated to protect invitees to the property from foreseeable harm caused by acts of third persons under the principles of law summarized in the Restatement (Second) of Torts §344. The firefighter defendants[1] had been in possession of the 3.35-

---

1. The relationship among the firefighter defendants is not clear from the record, and we have therefore not addressed that issue at this juncture. It appears that the lease from the city was in favor of the

acre tract on which the Home was located since 1969 under a lease with the City of Allentown. The firefighter defendants gave the party organizers only temporary use of the Home for the party on April 21, 2001. The firefighter defendants remained in possession of the remainder of the tract, and they also retained a certain degree of control over the building itself during the party. There was no evidence that they were excluded from the building while the party was in progress, and indeed several of their members were observed at the party.

On these facts a jury could find that the firefighter defendants retained sufficient control to support liability. See *Forgang v. Universal Gym Co.,* 423 Pa. Super. 416, 621 A.2d 601 (1993) (health club rented out for social engagement; evidence of employees on the premises with right to supervise use of equipment was sufficient retention of control for jury to find liability). Thus, although their level of accountability may have been different, the firefighter defendants cannot avoid liability to the public by hiding behind the party organizers. They also had a responsibility, as possessors of the property, to protect members of the public from foreseeable harm.

The firefighter defendants argue that section 344 of the Restatement (Second) of Torts does not apply to them since they did not hold the premises "open to the public for entry for (their) business purposes." This argument

---

Allentown Paid Fire Fighters Home Association; that the property was used by Local 302; and that defendant William Held was a member of Local 302 and the custodian of the Home. The responsibilities of the firefighter defendants inter se will have to be sorted out at trial, unless the parties are able to reach a stipulation in advance.

is not convincing. The Home was frequently made available for parties to which the general public was invited, and the consideration for use of the property was a donation to Local 302. The same arrangement was made with the party organizers. They were permitted to invite the general public to their party at the Home, and in return they agreed to make a contribution to Local 302. Thus, a business purpose of the firefighter defendants was served by their agreement allowing the party organizers to invite the public to their premises. For this reason, we believe that section 344 of the Restatement (Second) of Torts does apply to the plaintiff's claims against the firefighter defendants.

Much of the evidence that supports a negligence claim against the party organizers also supports a negligence claim against the firefighter defendants. The firefighter defendants often leased the building to non-members for social events, which were characterized by rowdiness, fights and underage drinking. A jury could find that these parties lacked adequate ground rules and supervision. William Held, the custodian, acknowledged in his deposition that he was aware of two prior shootings at such events.

A jury could find from this evidence that (1) the firefighter defendants should have foreseen the potential for violence when it allowed the party organizers to invite the public to a party at which alcoholic beverages would be served, and (2) under these circumstances the firefighter defendants should have insisted on proper ground rules and supervision. Moreover, at least two members of the firefighter defendants were present on the evening in question and had direct knowledge of the

violence that erupted. A jury could find that the representatives of the firefighter defendants who were present should have intervened to stop the party, with the assistance of the police if necessary, or should have insisted on better security measures at that point.

The evidence at trial may turn out to be different from that presented through the depositions. Additional witnesses may testify and additional facts may be elicited through the testimony of the witnesses thus far deposed. However, based on the record presented at this juncture, it is not clear that the plaintiff cannot make out a case of negligence against the firefighter defendants. Therefore, the motion of the firefighter defendants for summary judgment must be denied.

### IV. *The Plaintiff's Claim Against Defendant Eddie Alkhal*

Defendant Eddie Alkhal's only involvement was to assist the party organizers on the night of the party by checking the identification of attendees and guarding the rear entrance of the Home. There is no evidence that he participated in the planning of the event; that he had any control over the plans for the security arrangements; or that he was to receive any of the profits from the event. Nor was there any evidence that he failed to carry out his duties in checking identifications and guarding the rear door, or that any such failure was a factual cause of the shooting. Therefore, we do not see any basis for holding him liable in this case, and his motion for summary judgment is granted.

## ORDER

Now, December 30, 2004, upon consideration of the motions for summary judgment by (1) defendants Local 302 International Association of Firefighters, William Held, Allentown Paid Fire Fighters Home Association, and City Fire Fighters Union Local No. 302 International Association of Fire Fighters, (2) defendants David Zaiter and Rami Zaiter, (3) defendant Justin Stangl, and (4) defendant Eddie Alkhal, after review of the plaintiff's response and the briefs submitted by the various parties, and after oral argument, for the reasons stated in the accompanying opinion, it is ordered as follows:

(1) The motion of defendant Eddie Alkhal for summary judgment is granted, and summary judgment is entered in his favor against the plaintiff.

(2) The motions for summary judgment by the other moving defendants are denied.