483 A.2d 905

**Ormond E. PELUSO, Individually and as Administrator of the Estate of Noelle Marie Peluso, Deceased, Appellant,**

**v.**

**Wayne WALTER, Joseph A. Prato and Ann L. Prato, t/d/b/a Joey's Place, and Richard E. Griggs and Jane D. Griggs, t/d/b/a Diamond-Lite Steak House and Cocktail Lounge.**

Superior Court of Pennsylvania.

Submitted July 25, 1984.

Filed Oct. 26, 1984.

610

Richard J. Callahan, Williamsport, for appellant.

David R. Bahl, Williamsport, for Walter, appellee.

Michael J. Casale, Jr., Williamsport, for Prato, etc., appellees.

Clifford A. Rieders, Williamsport, for Griggs, appellees.

Before CIRILLO, MONTEMURO and CERCONE, JJ.

MONTEMURO, Judge:

Ormond E. Peluso, individually and as administrator of the estate of Noelle Marie Peluso, deceased (hereinafter appellant), the plaintiff below, has appealed from the order of the Court of Common Pleas of Lycoming County per the Honorable Robert J. Wallet, granting summary judgment in favor of Joseph A. Prato and Ann L. Prato, trading and doing business as Joey's Place (hereinafter appellees). We reverse.

Under the Rules of Civil Procedure, Pa.R.C.P. 1035(b), a party shall be entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In *Amabile v. Auto Kleen Car Wash*, 249 Pa.Super. 240, 376 A.2d 247 (1977), the court explained:

> The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to a judgment as a matter of law, is on the moving party, and the record must be examined in the light most favorable to the non-moving party. (Citations omitted). In *McFadden v. American Oil Co.*, 215 Pa.Super. 44, 48–49, 257 A.2d 283, 286 (1969), this court noted:
>
>> "In passing upon a motion for summary judgment, the trial court's function is not to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party .... Finally, a summary judgment should be granted only when the case is clear and free from doubt."

*Id.*, 249 Pa.Superior Ct. at 245, 376 A.2d at 249–50.

The appellant's cause of action arose out of an incident wherein appellant's decedent, Noelle Marie Peluso, was killed when struck by a motor vehicle driven by defendant, Wayne Walter. Walter was found to have been intoxicated at the time of the accident; a blood test performed shortly after the accident disclosed a blood alcohol level of .15%.[1]

Subsequently, the appellant commenced a wrongful death and survival action against Walter, and at the same time commenced an action against the appellees and against Richard E. Griggs and Jane D. Griggs, trading and doing business as Diamond-Lite Steak House and Cocktail Lounge

---

1. On March 15, 1982, Walter pled guilty to driving under the influence of alcohol (75 Pa.C.S. § 1547), and homicide by vehicle (75 Pa.C.S. § 3732).

based on violation of the Dram Shop Act.[2] Various pleadings were filed and depositions taken which revealed the following facts as summarized in the opinion of the lower court:

> During the afternoon of August 23, 1981, defendant Walter consumed six (6) or seven (7) 12-ounce beers while participating in a float on the Susquehanna River, which ended at approximately 4:15 or 4:30 p.m. (See Walter deposition, p. 6). Defendant Walter then arrived at Pratos' tavern between 5:30 and 6:00 p.m. (Walter deposition, p. 7), where he consumed four (4) mugs of beer and stayed at Pratos' until 6:30 or 6:45 p.m. (Walter deposition, p. 8). Defendant Joseph Prato denied serving Walter while visibly intoxicated (see Prato deposition, p. 22). He returned to the home of Diane Morris and ate a sandwich he had purchased at Pratos'. (Walter deposition, p. 9). At approximately 7:00 p.m., defendant Walter drove toward the Diamond-Lite Steak House and Cocktail Lounge (Walter deposition, p. 10). While at the Diamond-Lite, Walter consumed approximately two (2) more beers (Walter deposition, p. 11). Walter left the Diamond-Lite and stopped at the Scat gasoline station at approximately 7:15 p.m., where he was visibly intoxicated (See Buss affidavit). At the scene of the accident, Walter was visibly intoxicated.

Lower Court Opinion 2–3.

The lower court determined that based on the deposition testimony of Joseph Prato there was no evidence that Walter was visibly intoxicated when served alcoholic beverages at the Prato Tavern. Consequently, he found that summary judgment was appropriate.

 It is true that in order to sustain an action based on the Dram Shop Act against the appellees, the appellant must demonstrate that the appellees, or their agents or employees, served alcoholic beverages to Walter when he was visibly intoxicated. However, the present state of the

2. Act of April 12, 1951, P.L. 90, art. iv, § 497 added Act of December 22, 1965, P.L. 1144, No. 441 § 1, 47 P.S. § 4-497.

record is such that there is only the testimony of Joseph Prato concerning Walter's physical condition while he was at the Prato Tavern prior to the accident. This type of testimony, however, is incompetent to support a motion for summary judgment:

> "Testimonial affidavits of the moving party or his witnesses, not documentary, even if uncontradicted, will not afford sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the jury."

*Curran v. Philadelphia Newspapers, Inc.*, 497 Pa. 163, 183, 439 A.2d 652, 662 (1981), *quoting,* 2 Goodrich Amram 2d § 1035(b): 4 at 434–435. In *Curran,* the court reiterated the rule set forth in *Nanty-Glo v. American Surety Co.*, 309 Pa. 236, 163 A. 523 (1932), as it applies to summary judgments. Consequently, we cannot accept appellee's assertions as being true, and accordingly, the question of whether Walter was visibly intoxicated when being served at the appellees' tavern prior to the accident must be submitted to the jury.

In accordance with this finding, the order of the lower court granting summary judgment is vacated, and the case remanded.

Vacated and remanded. Jurisdiction is relinquished.