## Krieger v. State Farm Insurance Co.

*Michael C. Pribanic,* for plaintiff.
*Gregory T. Weis,* for defendant.

WETTICK, *J.,* January 17, 1991—Defendant's motion for summary judgment and plaintiff's countermotion for summary judgment are the subjects of this opinion and order of court.

This is a claim for income loss benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. On May 24, 1988, plaintiff was injured in a motor vehicle accident. Shortly before the accident, plaintiff had secured

employment with McBride Wallcovering which was to begin on June 1, 1988. As a result of the accident, plaintiff was not able to begin work on that date.

On August 12, 1988, plaintiff was released by his treating physician to return to work. However, plaintiff's position at McBride Wallcovering had been filled during his period of disability because of his unavailability.

Immediately upon being released to return to work, plaintiff made diligent efforts to find other employment. However, he was not able to do so until December 1, 1988.

Defendant paid plaintiff's work loss claims through August 11, 1988. In this lawsuit, plaintiff seeks work loss benefits from August 12, 1988 to December 1, 1988.

In support of his claim, plaintiff contends that he is entitled to any earnings that he would have received but for his injury. He relies on the Motor Vehicle Financial Responsibility Law's reference to income loss benefits as the "actual loss of gross income" which, according to plaintiff, means any income that would have been earned but for the accident. Defendant, on the other hand, contends that work loss benefits may continue only so long as the claimant is physically unable to work. It relies on the law's reference to income lost as a result of the injury which, according to defendant, means that the loss must be due to an inability to work as opposed to an inability to find work.

The Motor Vehicle Financial Responsibility Law can be read in a manner that supports either position. This law requires an insurer to provide income loss benefits with respect to an injury arising out of the maintenance or use of a motor vehicle. 75 Pa.C.S. §1712. It refers to income loss benefits as the "actual loss of gross income." 75 Pa.C.S.

§1712(2). It defines an injury as "accidentally sustained bodily harm to an individual and that individual's illness, disease or death resulting therefrom." 75 Pa.C.S. §1702. This law does not specifically address the issue of whether the loss of income is only for the period of the injury or whether it encompasses any income that the victim would have received at any time but for the injury.

We did not find any Pennsylvania appellate court case law which has addressed the issue of whether a person injured in a motor vehicle accident may recover work loss benefits for earnings lost as a result of the accident for a period of time after being physically able to return to work. *Persik v. Nationwide Mutual Insurance Co.,* 382 Pa. Super. 29, 554 A.2d 930 (1989), offers the most guidance to this court. In that case, the Pennsylvania Superior Court held that a person who was unemployed at the time of the accident could recover income loss benefits by showing that but for the accident she would have worked and earned income. *Persik* is not directly on point because the income loss benefits were claimed only for the period during which the injured party was disabled. But the language of the court that the legislature intended to provide benefits upon a showing that "income would have been earned but for the injury caused by the accident" supports plaintiff's position.

In *Persik,* as in the present case, there is no language within the Motor Vehicle Financial Responsibility Law that addressed the issue before the court. Consequently, the most important issue that the *Persik* court addressed for purposes of the present case is whether this law should be liberally or narrowly construed. The majority opinion in *Persik* held that like its predecessor statute (the Pennsylvania No-fault Motor Vehicle Insurance Act

of July 19, 1974, 40 P.S. §1009.101 et seq.), the Financial Responsibility Law "is to be liberally construed."

Based on a liberal construction of the Motor Vehicle Financial Responsibility Law, we deny defendant's motion for summary judgment. We also deny plaintiff's countermotion for summary judgment because his motion depends upon a court's resolving factual issues in plaintiff's favor. Under the *Nanty-Glo* rule, the credibility of the moving party's testimony is a jury issue. *Curran v. Philadelphia Newspapers Inc.,* 497 Pa. 163, 439 A.2d 652, 662 (1981); *Peluso v. Walter,* 334 Pa. Super. 609, 483 A.2d 905 (1984).

## ORDER OF COURT

On this January 17, 1991, it is hereby ordered that defendant's motion for summary judgment and plaintiff's countermotion for summary judgment are denied.