656 A.2d 147

**Timothy HOLPP, Appellant,**

v.

**FEZ, INC., a corporation, trading and doing business as The Fez, Appellee.**

Superior Court of Pennsylvania.

Submitted Dec. 19, 1994.

Decided March 23, 1995.

514

Lester E. Zittrain, Pittsburgh, for appellant.

Arthur Bloom, Pittsburgh, for appellee.

Before ROWLEY, P.J., and WIEAND and CERCONE, JJ.

WIEAND, Judge:

In the early morning hours of January 1, 1990, Timothy Holpp, a police officer in Hopewell Township, Beaver County, responded to a complaint of disorderly conduct at a restaurant/banquet hall known as The Fez, Inc. The establishment had been hosting a New Year's Eve party, and a fight had

broken out among its patrons. When Holpp arrived at The Fez, he observed several hundred guests present, some of whom were intoxicated and rowdy. The fight which had prompted the summoning of the police, however, had been diffused prior to his arrival. Because of the size and nature of the gathering, Holpp agreed to return to The Fez around 2:00 a.m. to assist in dispersing the crowd.

Later, when Holpp returned to The Fez, he again observed several intoxicated and rowdy patrons, and a second altercation broke out among a group of unidentified patrons. Holpp, along with fellow officer Pete Cipolla, approached the group to re-establish order. When Cipolla attempted to arrest one of the patrons, he was struck from behind by several others. When Holpp attempted to assist, he was grabbed by another patron and thrown to the ground, where an unidentified person stepped on his hand. As a result, he suffered multiple fractures to his right hand and a torn rotator cuff in his right shoulder.

Holpp commenced a civil action in which he alleged that The Fez had been negligent in serving alcoholic beverages to intoxicated patrons and in permitting an unsafe condition to exist on its premises. A motion for summary judgment by The Fez was granted by the trial court. This appeal followed.

■■ A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). See: *Buckno v. Penn Linen & Uniform Service, Inc.,* 428 Pa.Super. 563, 565, 631 A.2d 674, 675 (1993); *McDonald v. Marriott Corp.,* 388 Pa.Super. 121, 124, 564 A.2d 1296, 1297 (1989). When considering a motion for summary judgment, the record must be examined in the light most favorable to the non-moving party. *Denlinger, Inc. v. Dendler,* 415 Pa.Super. 164, 170, 608 A.2d 1061, 1064 (1992). A motion for summary judgment should be granted only where

the right is clear and free from doubt. *Peluso v. Walter,* 334 Pa.Super. 609, 611, 483 A.2d 905, 906 (1984).

The "fireman's rule", which provides that a police officer or fire fighter who enters upon the land of another in connection with official duties cannot recover from the possessor of land for subsequent injuries, has not been adopted in Pennsylvania. *Mull v. Kerstetter,* 373 Pa.Super. 228, 231, 540 A.2d 951, 952 (1988). Accord: *Drake v. Fenton,* 237 Pa. 8, 85 A. 14 (1912) (fireman who fell down unprotected elevator shaft could sue possessor of property for his injuries). A police officer who enters upon another's land in his or her official capacity and in response to a call for assistance is generally considered a licensee. See: *Mull v. Kerstetter, supra,* 373 Pa.Super. at 233 n. 3, 540 A.2d at 953 n. 3. In such situations, the land owner's duty is to warn the licensee of dangerous hidden conditions. *Mull v. Kerstetter, supra,* 373 Pa.Super. at 233–234, 540 A.2d at 953; *Carpenter v. Penn Central Transportation Co.,* 269 Pa.Super. 9, 13, 409 A.2d 37, 39 (1979); *Cutler v. Dushoff,* 192 Pa.Super. 37, 42, 159 A.2d 524, 526 (1960). Even if a police officer enters another's land as an invitee, moreover, the possessor of the land does not become an insurer of the officer's safety. Cf. *Winkler v. Seven Springs Farm, Inc.,* 240 Pa.Super. 641, 646, 359 A.2d 440, 442 (1976). The possessor's duty is only to use reasonable care to protect his or her invitees from unknown or nonobvious dangers. *Id.* at 645–646, 359 A.2d at 442.

Here, Officer Holpp had been called to the appellee's establishment to quell a disturbance. He agreed to return at a later time to provide further assistance if necessary. When he returned, he was acting in his official capacity, was aware of the potential for violence among patrons who had been consuming alcoholic beverages, and was conscious of the attendant risks. Under such circumstances, whether Holpp be considered an invitee or a licensee, the trial court could conclude, as a matter of law, that appellee had breached no duty to Officer Holpp.

■ A violation of the Dram Shop Act[1] is negligence per se. See: *Johnson v. Harris*, 419 Pa.Super. 541, 550, 615 A.2d 771, 775 (1992); *McDonald v. Marriott Corp., supra,* 388 Pa.Super. at 125, 564 A.2d at 1298. "[I]f a tavern keeper serves intoxicating liquor to anyone who is in a visible state of intoxication, he [or she] violates the law, and, if as a result of such intoxication the consumer of the intoxicants injures someone else or himself [or herself], the tavern keeper is liable in tort." *Connelly v. Ziegler*, 251 Pa.Super. 521, 524, 380 A.2d 902, 903 (1977). See also: *Smith v. Evans*, 421 Pa. 247, 249, 219 A.2d 310, 311 (1966).

■ It is not enough for an injured plaintiff to produce evidence that alcoholic beverages were served to patrons. Civil liability is imposed upon the tavern keeper who has served alcoholic beverages to a patron only when the patron was visibly intoxicated and, as a consequence, the patron or another person has been injured. *Connelly v. Ziegler, supra,* 251 Pa. at 521, 380 A.2d 902. Even if a patron is intoxicated at the time he or she is injured or causes injury to another, the tavern keeper who served the alcoholic beverages to the patron will not be held civilly liable unless the patron was served at a time when he or she was visibly intoxicated. *Johnson v. Harris, supra,* 419 Pa.Super. at 551, 615 A.2d at 776. See also: *McDonald v. Marriott Corp., supra,* 388 Pa.Super. at 125, 564 A.2d at 1298; *Peluso v. Walter, supra,* 334 Pa.Super. at 612, 483 A.2d at 907; *Couts v. Ghion,* 281 Pa.Super. 135, 141, 421 A.2d 1184, 1187 (1980) (plurality opinion). Accord: *Simon v. Shirley,* 269 Pa.Super. 364, 367–368, 409 A.2d 1365, 1366 (1979). Moreover, the mere breach of the statutory duty to refrain from serving alcohol to visibly intoxicated persons does not alone establish liability; the plaintiff must also show that the breach was a proximate cause and the cause in fact of the injury. *Reilly v. Tiergarten, Inc.,* 430 Pa.Super. 10, 15, 633 A.2d 208, 210 (1993). Accord: *Majors v. Brodhead Hotel,* 416 Pa. 265, 271, 205 A.2d 873, 877 (1965) (defendant cannot be found to have proximately caused injury where his negligent conduct of serving alcohol to minor

1. Liquor Code of April 12, 1951, P.L. 90, § 493, as amended, 47 P.S. § 4–493(1).

was not a substantial factor in causing the injury). Even if a patron has been served alcoholic beverages while visibly intoxicated, there will be no civil liability imposed upon the tavern keeper unless the injuries to the patron or a third person were proximately caused by the patron's intoxication. See: *Smith v. Clark,* 411 Pa. 142, 144, 190 A.2d 441, 442 (1963); *Johnson v. Harris, supra,* 419 Pa.Super. at 550, 615 A.2d at 776; *McDonald v. Marriott Corp., supra,* 388 Pa.Super. at 125, 564 A.2d at 1298; *Connelly v. Ziegler, supra,* 251 Pa.Super. at 524, 380 A.2d at 903.

In the case sub judice, there was evidence that some of the patrons at appellee's establishment had been intoxicated. However, neither appellant nor any other witness was able to identify the patrons who had been involved in the altercation which had caused Holpp's injuries. Whether any of them had been intoxicated or whether they had been served alcoholic beverages by appellee while visibly intoxicated was not known and could not be proved. Given the lack of evidence that appellee had breached a statutory duty or that there had been a causal connection between such a breach and the harm to appellant, the trial court could properly grant summary judgment on appellant's action to impose liability under the Dram Shop Act.

The order entering summary judgment is affirmed.

ROWLEY, P.J., did not participate in the consideration or decision of this appeal.