George KUNEY, former husband of Adrienne Kuney, Adrienne Kuney (Involuntary Plaintiff) former wife of George Kuney, Appellants,

v.

BENJAMIN FRANKLIN CLINIC, Dr. Steven Silber, and Pennsylvania Hospital, Appellees.

Superior Court of Pennsylvania.

Argued April 5, 2000.
Filed April 25, 2000.

Neil E. Jokelson, Philadelphia, for appellants.

Barbara S. Magen, Philadelphia, for appellees.

Before McEWEN, President Judge, and JOYCE and TAMILIA, JJ.

TAMILIA, J.

¶ 1 Appellant, George Kuney, appeals the August 4, 1999 Order granting summary judgment in favor of appellee, Steven Silber, M.D. Appellant argues the trial court erred in limiting his right to obtain the deposition testimony of Dr. Silber and, thus, precluded him from obtaining the discovery he argues is necessary to proceed with the case.

¶ 2 The underlying incident in this medical malpractice action involves appellant's ex-wife, who received treatment from appellee during her marriage to appellant. After her treatment began in April 1995, appellant's wife became addicted to the various medications prescribed by appellee. Thereafter, in September 1995, appellant's wife left him and their children and, on May 22, 1996, they were divorced. Appellant instituted an action against appellee, alleging loss of consortium, intentional interference with economic relations and negligence.[1] Appellee's motion for summary judgment was granted and this timely appeal followed.

■ ¶ 3 On appeal, appellant presents one question for our review, "Did the lower court err in limiting the rights of [appellant] to obtain deposition testimony of [appellee] Dr. Silber and thereby preclude [appellant] from going forward on the case?" (Appellant's Brief at 2.)

1. Benjamin Franklin Clinic and Pennsylvania Hospital were defendants to appellant's cause of action. On March 3, 1998, however, the trial court sustained their preliminary objections and dismissed them from the action.

2. Pennsylvania Rule of Civil Procedure 2227, **Compulsory Joinder**, allows a party to be joined to a cause of action when his or her rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights. *See Hubert v. Greenwald,* 743 A.2d 977 (Pa.Super.1999) (absence of an indispensable party renders any decree or order in the matter void for lack of jurisdiction). Appellant's ex-wife is an

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is one that directly affects the outcome of the case. Our scope of review of a trial court Order granting summary judgment is plenary. ... In reviewing the order, we must examine the record in the light most favorable to the adverse party and determine whether the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. We will overturn a lower court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion.

*Stevens Painton Corp. v. First State Ins. Co.,* 746 A.2d 649, 653, 2000 Pa.Super. LEXIS 193, **9–10 (Pa.Super.2000).

■ ¶ 4 Appellant contends the deposition testimony of appellee was not protected by the physician-patient privilege because the proposed testimony did not tend to blacken the character of his ex-wife. In addition, he claims the privilege does not apply because his wife is a plaintiff in this action.[2] Appellee argues that, because the requested information pertained to the psychiatric treatment of appellant's ex-wife, who is an involuntary plaintiff to the case and has not consented to any discus-

involuntary plaintiff to this action, as her whereabouts are unknown at this time. As a result of her disappearance, appellant's ex-wife has not been served with notice of this proceeding and, thus, has not participated. In his complaint, appellant acknowledges that no cause of action is pled on his ex-wife's behalf (Complaint, 12/15/97, ¶ 15 at 4). Appellant does not cite to any authority for his contention that his ex-wife's status as an involuntary plaintiff waives her protection under the physician-patient privilege. This Court, therefore, will not allow appellant to use the Compulsory Joinder rule for the purpose of circumventing the statutory privilege.

sion of her medical treatment, he was required to abide by the statutory physician-patient privilege. The physician-patient privilege provides:

> No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries.

42 Pa.C.S.A. § 5929, **Physicians not to disclose information**. "The statute was designed to create a confidential atmosphere in which a patient will feel free to disclose all possible information which may be useful in rendering appropriate treatment." *Miller Oral Surgery, Inc. v. Dinello*, 416 Pa.Super. 310, 611 A.2d 232, 235 (1992).

¶ 5 In this case, appellant's complaint alleges "[a]s a result of the drugs given to [appellant's ex-wife] and/or prescribed for her by [appellee], [she] became addicted and/or dependant upon said drugs so as to emotionally and/or psychiatrically become dysfunctional and engage in bizarre, uncivil and harmful behavior" (Complaint, 12/15/97, ¶ 7 at 3). Appellant identified the prescribed medications as "Seldane, [Z]oloft, Serevent, Nasacort, Azmacort, Flexeril, Propulsi[d], Zantac and Ionamin" (*id.*, ¶ 6 at 2–3). Furthermore, he claimed "[a]s a result of the foregoing dispensing of medications and/or drugs, all of which was done in a negligent and/or reckless manner, the involuntary plaintiff ... has sustained injury in that her mental process and emotional well-being have been diminished, damaged and/or compromised..." (*id.*, ¶ 17 at 4). During discovery, appellee refused to answer questions regarding his treatment of appellant's ex-wife after counsel advised him of his duty to protect the confidences of his patient. Appellant's motion to compel appellee to answer the questions was denied by the court on April 22, 1999. Thereafter, appellant was unable to obtain an expert report analyzing and rendering an opinion on appellee's care and treatment of his ex-wife. As a result, the trial court found appellant was unable to prove appellee's conduct fell below the accepted standard of care and granted summary judgment in favor of appellee. *See* Trial Court Opinion, Lachman, J., 8/4/99, at 2.

▮ ¶ 6 In light of the record, it is clear the requested deposition testimony involves information obtained from appellant's ex-wife, which tends to blacken her character, and, thus, is protected by the physician-patient privilege. Appellant's cause of action focuses on the physical, mental and emotional condition of his ex-wife, who, according to his complaint, engaged in bizarre and harmful behavior. In addition, if appellee were forced to divulge the nature of his care of appellant's ex-wife, the deposition testimony surely would involve intimate information gathered from her during the course of her treatment. *See In re June 1979 Allegheny County Investigating Grand Jury*, 490 Pa. 143, 415 A.2d 73 (1980) (privilege is limited to information which would offend its rationale, i.e., information directly related to patient's communication to physician).

¶ 7 Appellant's reliance on *Commonwealth ex rel. Platt v. Platt*, 266 Pa.Super. 276, 404 A.2d 410 (1979), for the proposition that testimony relating to psychiatric treatment does not tend to blacken one's character, is misplaced. In *Platt*, this Court had to determine whether testimony of a treating psychiatrist in an involuntary commitment proceeding violated the physician-patient privilege. We stated, "[s]ince psychiatric treatment does not evidence the existence of a loathsome disease, evidence of such treatment could not blacken the reputation of one who has sought it for only evidence of such a disease would tend to blacken a person's reputation." *Id.* at 415, *citing In re "B"*, 482 Pa. 471, 394 A.2d 419 (1978). Furthermore, we found the

Mental Health Procedures Act requires the testimony of the psychiatrist who examined the patient to be committed and, because the Act was promulgated subsequent to the statutory physician-patient privilege, we gave it preference. *Platt, supra* at 415. Thus, this Court held, "the said Act is a special provision requiring the testimony of the physician who treated the patient, which special provision controls the general physician-patient statute and constitutes an exception thereto...." *Id.*

¶ 8 This case is clearly distinguishable from *Platt*, in that the treatment of appellant's ex-wife was not exclusively psychiatric in nature. In this case, appellee is an internal medicine doctor, with a specialty in lipidology, which is the treatment of patients with abnormal cholesterol and fat levels (Deposition of Steven Silber, 3/16/99, at 11). The medications prescribed by appellee included an appetite suppressant (Ionamin), asthma medications (Seldane, Serevent and Azmacort), an allergy medication (Nasacort), a muscle relaxant (Flexeril), acid indigestion medications (Zantac and Propulsid) and an antihistamine (Seldane). The only medication prescribed to treat an emotional condition is Zoloft, which is an anti-depressant. In light of this evidence, we cannot apply the rationale of *Platt*.

¶ 9 It is well settled that a plaintiff in a medical malpractice action is "required to present an expert witness who will testify, to a reasonable degree of medical certainty, that the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered." *Mitzelfelt v. Kamrin*, 526 Pa. 54, 62, 584 A.2d 888, 892 (1990). In this case, appellant did not submit an expert report and, thus, could not prove appellee's conduct fell below the accepted standard of care or that appellee's conduct was the proximate cause of his injuries. The trial court, therefore, did not commit an error of law or abuse of discretion in granting summary judgment in favor of appellee.

¶ 10 Order affirmed.