**Estate of Mickens v. Stevenson**

C.P. of Fayette County, no. 1112 of 1999 G.D.

*Brian Cox,* for plaintiffs.
*David Reiss,* for defendants.

WARMAN, *J.,* February 21, 2002—Presently before this court for disposition is a motion for summary judgment filed on behalf of defendant, Rose Faidley, t/d/b/a The Showboat. Defendant avers that there are no genuine issues of material fact in dispute and that she is entitled to judgment as a matter of law to the claims contained in Counts III, IV, and V of plaintiffs' complaint. She further claims that she should be dismissed as an additional defendant because her joinder is derivative of plaintiffs' cause of action. Plaintiffs argue that defendant's motion for summary judgment is premature and should be denied because a genuine issue of material fact may be established by additional discovery and the production of an expert toxicology report. After oral argument, full consideration of the record, applicable law, briefs and submissions of counsel, and for reasons more fully discussed herein, defendant's motion for summary judgment is Granted.

## BACKGROUND

The facts and procedural history of this case are as follows. During the late evening hours of July 18, 1997, defendant Vaughn Stevenson went to the Showboat bar located in Connellsville, Fayette County, Pennsylvania, where he met Lisa Mickens, a former acquaintance. As

the Showboat was closing, defendant Stevenson, Lisa Mickens, and several other individuals decided to go to the American Legion Post no. 762, located a short distance from Connellsville, in Trotter.

During the early morning hours of July 19, 1997, at or about 3 a.m., defendant Stevenson and Lisa Mickens, the only remaining patrons, left the American Legion. Defendant Stevenson shot and killed Lisa Mickens in the parking lot. She was found in the driver's seat of her vehicle with a gunshot wound that entered and passed through her right arm, chest cavity, both lungs, and the pericardial sac of the heart before exiting through the left arm. The victim, Lisa Mickens, was dead at the scene.

Plaintiffs William Mickens and JoAnn Mickens are the parents of Lisa Mickens. On or about January 25, 1999, they were appointed the administrators of her estate by the register of wills of Fayette County, Pennsylvania, at no. 2699-00074. On or about June 8, 1999, an eight-count complaint was filed on their behalf in the Court of Common Pleas of Fayette County, Pennsylvania, against defendants Vaughn Stevenson, American Legion no. 762, a corporation t/d/b/a American Legion, and Rose Faidley, t/d/b/a The Showboat. The American Legion filed an answer and new matter joining Rose Faidley as additional defendant pursuant to Pa.R.C.P. 2252(d). On or about October 16, 2001, the motion for summary judgment now before this court was filed on defendant's behalf, and on November 28, 2001, we heard oral argument thereon.

## DISCUSSION

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a

claim or defense after relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, if any, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000); *Stevens Painton Corporation v. First State Insurance Company,* 746 A.2d 649 (Pa. Super. 2000); *Davis v. Resources for Human Development Inc.,* 770 A.2d 353 (Pa. Super. 2001).

Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Id.* The non-moving party must adduce sufficient evidence on issues essential to its case on which he bears the burden of proof such that a jury could return a verdict in its favor. *Ertel v. Patriot-News Company,* 544 Pa. 93, 674 A.2d 1038 (1996), *reargument denied,* (1996), *certiorari denied,* 519 U.S. 1008 (1996) 117 S.Ct. 512, 136 L.Ed.2d 401 (1996); *O'Rourke v. Pennsylvania Department of Corrections,* 730 A.2d 1039 (Pa. Commw. 1999). If there are no genuine issues of material fact in dispute or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992), *allocatur denied,* 532 Pa. 663, 606 A.2d 916 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. *Rauch v. Mike-Mayer,* 783 A.2d 815 (Pa. Super. 2001).

The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore,* 152 Pa. Commw. 540, 620 A.2d 76 (1993). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990). For summary judgment purposes, a "material fact" is one that directly affects the outcome of the case. *Kuneyr v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000); *Kenney v. Jeanes Hospital,* 769 A.2d 492 (Pa. Super. 2001), *allocatur denied,* 567 Pa. 726, 786 A.2d 988 (2001). In passing on a motion for summary judgment, the court must examine the record in a light most favorable to the nonmovant and resolve any doubt in his favor. *Swartley v. Hoffner,* 734 A.2d 915 (Pa. Super. 1999), *allocatur denied,* 561 Pa. 660, 747 A.2d 902 (1999); *Doe v. Philadelphia Community Health Alternatives AIDS Task Force,* 745 A.2d 25 (Pa. Super. 2000), *allocatur granted in part,* 563 Pa. 125, 758 A.2d 166 (2000), *affirmed,* 564 Pa. 264, 767 A.2d 548 (2001).

The moving party has the burden of proving the nonexistence of any genuine issue of material fact; the non-moving party must demonstrate that there is a genuine issue for trial. *Davis v. Resources of Human Development Inc., supra.* The party moving for summary judgment may not rely solely on its own testimonial affidavits or depositions or those of its witnesses to establish the non-existence of a genuine issue of material fact. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992), *allocatur denied,* 532 Pa. 663, 616 A.2d 985 (1992). With the above rules in mind, we will now con-

sider defendants' motion for summary judgment to plaintiffs' complaint.

We will first consider defendant's motion for summary judgment to Counts III and IV of plaintiffs' complaint. Count III is a wrongful death action that sounds in negligence. Count IV is a survival action that sounds in negligence. Plaintiffs allege in said counts that defendant was negligent in various respects and as a result thereof, they have sustained injuries.

To state a prima facie cause of action for negligence, a plaintiff must allege: (1) a legal duty or obligation to conform to a certain standard of conduct; (2) a failure to conform to that standard; (3) a reasonably close causal connection between the conduct and resulting injury; and (4) actual damage or loss. *Williams v. Syed,* 782 A.2d 1090 (Pa. Commw. 2001).

"Duty, in any given situation, is predicated on the relationship existing between the parties *at the relevant time.*" *Pittsburgh National Bank v. Perr,* 431 Pa. Super. 580, 584, 637 A.2d 334, 336 (1994) quoting *Morena v. South Hills Health System,* 501 Pa. 634, 642 n.5, 462 A.2d 680, 684 n.5 (1983). (emphasis in original) Where there is no duty of care, there can be no cause of action based on negligence. *Maxwell v. Keas,* 433 Pa. Super. 70, 639 A.2d 1215 (1994). See also, *Boyce v. United States Steel Corp.,* 446 Pa. 226, 285 A.2d 459 (1971); *Zanine v. Gallagher,* 345 Pa. Super. 119, 497 A.2d 1332 (1985).

In *Wenrick v. Schloemann-Siemag Aktiengesellschaft,* 523 Pa. 1, 8, 564 A.2d 1244, 1248 (1989), the Supreme Court stated:

"Before a person may be subject to liability for failing to act in a given situation, it must be established that the

person has a duty to act; if no care is due, it is meaningless to assert that a person failed to act with due care. Certain relations between parties may give rise to such a duty. Although each person may be said to have a relationship with the world at large that creates a duty to act where *his own* conduct places others in peril, Anglo-American common law has for centuries accepted the fundamental premise that mere knowledge of a dangerous situation, even by one who has the ability to intervene, is not sufficient to create a duty to act." (emphasis in original)

Under common law there is no duty to control the conduct of a third party to protect another from harm, except where a defendant stands in some special relationship with either the person whose conduct needs to be controlled or in a relationship with the intended victim of the conduct which gives the intended victim a right to protection. *Emerich v. Philadelphia Center for Human Development,* 554 Pa. 209, 720 A.2d 1032 (1998). Thus, an exception has been carved out for those instances where a special relationship exists between the defendant and the actor or between the defendant and the foreseeable victim of the actor's conduct. *Dunkle v. Food Service East Inc.,* 400 Pa. Super. 58, 64, 582 A.2d 1342, 1345 (1990), citing *Tarasoff v. Regents of University of California,* 17 Cal.3d 425, 131 Cal. Rptr. 14, 551 P.2d 334 (1976).

These general principles parallel the law as set forth in section 315 of the Restatement (Second) of Torts which provides:

"There is no duty to control the conduct of a third person as to prevent him from causing physical harm to another unless

"(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

"(b) a special relation exists between the actor and the other which gives to the other a right to protection." Restatement (Second) of Torts §315.

Therefore, "[a]s a general rule, a person is not liable for the criminal conduct of another in the absence of a special relationship imposing a pre-existing duty." *Elbasher v. Simco Sales Service Pennsylvania,* 441 Pa. Super. 397, 399, 657 A.2d 983, 984 (1995), citing *Feld v. Merriam,* 506 Pa. 383, 392, 485 A.2d 742, 746 (1984).

Section 314A of the Restatement (Second) of Torts lists the following special relations which give rise to a duty to act affirmatively to protect another:

"Special relations giving rise to duty to aid or protect

"(1) A common carrier is under a duty to its passengers to take reasonable action

"(a) to protect them against unreasonable risk of physical harm, and

"(b) to give there first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others.

"(2) An innkeeper is under a similar duty to his guests.

"(3) A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation.

"(4) One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other." Restatement (Second) of Torts §314A.

Here, the record reveals that when Vaughn Stevenson shot and killed Lisa Mickens, they were nowhere near defendant's establishment, but rather in the parking lot of the American Legion located in Trotter. Applying the facts of this case to the law, we believe that the record fails to disclose the existence of any special relationship between defendant and Lisa Mickens which would impose upon defendant a duty to protect Lisa Mickens from the actions of Vaughn Stevenson. Therefore, because defendant had no duty to protect Lisa Mickens from the actions of Vaughn Stevenson, even if the allegations contained in plaintiffs' complaint were true, no cause of action based on negligence exists. Accordingly, in consideration of our foregoing discussion, and after examining the record in a light most favorable to plaintiffs, and resolving all doubts in their favor, we find that there are no genuine issues of material fact in dispute, and that defendant is entitled to judgment as a matter of law to the negligence claims contained in Counts III and IV of plaintiffs' complaint.

We note that plaintiffs' claim that defendant's motion for summary judgment is premature and must be denied because there are outstanding discovery requests is without merit. We have found that defendant owed no duty to protect Lisa Mickens from the actions of Vaughn Stevenson. Thus, further discovery on this matter is of no consequence as there can be no liability for negligence in the absence of duty.

We will next consider defendant's motion for summary judgment to the claims contained in Count V of plaintiffs' complaint wherein they allege a violation of the Dram Shop Act. Defendant argues that although plain-

tiffs have made the requisite allegations in their complaint that employees or agents of defendant served alcoholic beverages to Vaughn Stevenson while he was visibly intoxicated, they have failed to adduce even a shred of evidence in support of said allegation. At best, defendant claims that the record establishes nothing more than the fact that Vaughn Stevenson was drinking alcoholic beverages at the Showboat. Defendant, therefore, claims that she is entitled to judgment as a matter of law to the claims contained in Count V of plaintiffs' complaint.

Plaintiffs argue that defendant's motion for summary judgment is premature and should be denied because there is outstanding discovery. In support of their position and argument that defendant's motion for summary judgment is premature, plaintiffs submitted to this court an affidavit in opposition to defendant's motion and indicated therein that they have scheduled the deposition of Vaughn Stevenson and have written to Charles H. Winek Ph.D., D.A.B.F.T., D.A.T.S., for the purpose of securing an expert report evidencing his opinion regarding Vaughn Stevenson's blood alcohol content at various points in time throughout the evening in question and his opinion as to whether Vaughn Stevenson would have been visibly intoxicated based upon his blood alcohol content.

The Pennsylvania Dram Shop Act contains two pertinent provisions. Section 4-493 of the Liquor Code sets forth the duties associated with the service of alcohol. It reads, in pertinent part, as follows:

"It shall be unlawful for any licensee or the board, or any employee, servant agent of such licensee or of the

board, or any other person, to sell, furnish, or give any liquor or malt or brewed beverages, or permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated . . . ." 47 P.S. §4-493(1).

This section clearly imposes a duty on those parties identified to refrain from selling liquor to a visibly intoxicated individual.

"47 P.S. §4-493—Liability of licensees provides:

"No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe when the said customer was visibly intoxicated." 47 P.S. §4-497.

"A violation of the Dram Shop Act is negligence per se." See *Holpp v. Fez Inc.*, 440 Pa. Super. 512, 517, 656 A.2d 147, 148 (1995). However, in order to recover under the Dram Shop Act, it is not enough for an injured plaintiff to produce evidence that alcoholic beverages were served to patrons, as civil liability is only imposed upon a tavern keeper who served alcoholic beverages to a patron when the patron was visibly intoxicated and, as a consequence, another patron or person has been injured. *Id.* "Even if patron is intoxicated at the time that he or she is injured or causes injury to another, the tavern keeper who served alcoholic beverages to the patron will not be held civilly liable unless the patron was served at a time when he or she was visibly intoxicated." *Id.*

As to the proper meaning of "visibly intoxicated" our Superior Court has stated:

"[I]n defining the violation as the dispensation of alcoholic beverages to a person 'visibly intoxicated,' the statute displays considerable logic in placing stress upon what can be seen. The law does not hold a licensee or its agent responsible on any basis, such as blood alcohol level of a patron, which would not be externally apparent; instead, the law decrees that the alcoholic beverage dispenser shall not provide more alcohol when the signs of intoxication are visible. *The practical effect of the law is to insist that the licensee be governed by appearances, rather than by medical diagnoses.*" *Johnson v. Harris,* 419 Pa. Super. 541, 551, 615 A.2d 771, 776 (1992) (emphasis in original) quoting *Laukemann v. Commonwealth of Pennsylvania,* 82 Pa. Commw. 502, 475 A.2d 955 (1984).

However, a mere breach of the statutory duty to refrain from serving alcohol to visibly intoxicated persons does not alone establish liability, as plaintiff must also show that the breach was the proximate cause and cause in fact of an injury. *Id.* Thus, in order for an injured plaintiff to recover under the Dram Shop Act provision prohibiting service of alcohol to visibly intoxicated persons, the following two things must be proven: (1) that the plaintiff was served alcoholic beverages while visibly intoxicated, and (2) that the violation proximately caused injuries. See *Johnson v. Harris,* 419 Pa. Super. 541, 550, 615 A.2d 771, 775 (1992). See also, *Fandozzi v. Kelly Hotel Inc.,* 711 A.2d 524 (Pa. Super. 1998), *allocatur denied,* 558 Pa. 601, 735 A.2d 1269 (1999).

In the context of Dram Shop cases, a blood alcohol test is relevant circumstantial evidence of intoxication only when used in conjunction with other independent evidence which bears on the question of whether an in-

dividual was visibly intoxicated. *Suskey v. Loyal Order of Moose Lodge No. 86,* 325 Pa. Super. 94, 472 A.2d 663 (1984) see also, *Cusatis v. Reichert,* 267 Pa. Super. 247, 406 A.2d 787 (1979). However, a plaintiff can rely solely on circumstantial evidence to prove Dram Shop liability in the absence of direct eyewitness evidence that an individual was served alcohol while visibly intoxicated. See *Fandozzi v. Kelly Hotel Inc.,* 711 A.2d 524, 527 (1998), *allocatur denied,* 558 Pa. 601, 735 A.2d 1269 (1999). Our Superior Court, however, has refused to find the existence of a material issue of fact with respect to visible intoxication solely on the basis of expert "relation back" testimony. See *Johnson v. Harris,* 419 Pa. Super. 541, 615 A.2d 771 (1992).

Here, plaintiffs have indicated their intent to secure an expert report with respect to Vaughn Stevenson's blood alcohol content at various points in time throughout the evening in question and to the issue of whether he would have been visibly intoxicated based thereon. Even assuming that plaintiffs' expert would offer an opinion in support of their position that Vaughn Stevenson was served alcoholic beverages while visibly intoxicated at the defendant's establishment, this evidence standing alone is insufficient to establish the existence of a genuine issue of material fact with respect to visible intoxication. Plaintiffs have offered no additional evidence, circumstantial or direct, in support of their position concerning the visible intoxication issue.

Contrary to plaintiffs' position, a review of the record reveals that there is nothing whatsoever to indicate that Vaughn Stevenson was served alcohol while visibly intoxicated at the defendant's establishment. Quite the contrary is true. Each of the four witnesses who provided

deposition testimony as to their observations of Vaughn Stevenson while he was at the defendant's establishment on the evening of July 18, 1997, indicated that they observed no signs of visible intoxication whatsoever. Their testimony was consistently supportive of the absence of visible intoxication.

We, therefore, find that plaintiffs have failed to adduce sufficient evidence to establish that Vaughn Stevenson was served alcoholic beverages at defendant's establishment while he was visibly intoxicated such that a jury could return a verdict in their favor. We further find that there are no genuine issues of material fact in dispute with regard to the issue of visible intoxication and that defendant is, therefore, entitled to judgment as a matter of law to the claims contained in Count V of plaintiffs' complaint.

We again note that plaintiffs' claim that defendant's motion for summary judgment is premature and must be denied because there are outstanding discovery requests is without merit. Based on our foregoing discussion, we believe that the outstanding discovery requests would produce no information supportive of plaintiffs' position in opposition to defendant's motion for summary judgment.

Accordingly, we Grant defendant's motion for summary judgment to all claims contained in plaintiffs' complaint and also Dismiss defendant as an additional defendant.

## ORDER

And now, February 21, 2002, upon consideration of the motion for summary judgment filed on behalf of de-

fendant Rose Faidley, t/d/b/a The Showboat, and upon further consideration of the record, applicable law, briefs, arguments and submissions of counsel, it is hereby ordered and decreed that defendant's motion for summary judgment to all claims is granted.