## Heald v. Nationwide Mutual Fire Insurance Company

C.P. of Fayette County, no. 2366 of 1999, G.D.

*Wayne H. Port,* for plaintiff.
*Robert J. Grimm,* for defendant.

LESKINEN, *J.,* October 26, 2004—Before this court is a motion for partial summary judgment filed by defendant, Nationwide Mutual Fire Insurance Company.

After full consideration of the record, applicable law, briefs and arguments of counsel, this court finds that there is evidence to support plaintiff's, Eugene Heald III, allegation of bad faith on the part of Nationwide in Count Two of plaintiff's complaint. Therefore this court denies defendant's motion for partial summary judgment.

## BACKGROUND

This action arises out of a fire that occurred on or about November 21, 1998, and resulted in damage to plaintiff's home in Dickerson Run, Fayette County, Pennsylvania. At the time of the fire, plaintiff's home was covered under an insurance policy issued by Nationwide in July of 1998. Following the fire, Nationwide conducted an investigation as to the cause and origin of the fire. As a result of this investigation, Nationwide determined that the fire was intentionally set by

plaintiff's girlfriend, Cynthia Yeskey. Upon further investigation, Nationwide concluded that Yeskey was plaintiff's common-law wife.

Due to that conclusion, Nationwide issued a reservation of rights letter dated June 8, 1999, claiming that Yeskey was an insured under the policy, which excluded intentional acts of an insured; and defined an insured as plaintiff's relatives who live in the household.

Plaintiff filed a complaint in the within action on April 6, 2000, raising two counts: breach of contract and bad faith. Thereafter, on April 8, 2000, Nationwide filed the within motion for partial summary judgment to Count Two of plaintiff's complaint alleging bad faith on the part of Nationwide.

## DISCUSSION

The purpose of the summary judgment rule is to eliminate cases before trial where a party cannot make out a claim or a defense after relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000).

Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Davis v. Resources for Human Development Inc.,* 770 A.2d 353 (Pa. Super. 2001).

If there are no material issues of fact in dispute or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992), *allocatur denied,* 532 Pa. 663, 616 A.2d 985 (1992).

Nationwide correctly states that to recover under a claim of bad faith, a plaintiff must show that "the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Terletsky v. Prudential Property and Casualty Insurance Company,* 437 Pa. Super. 108, 125, 649 A.2d 680, 688 (1994).

Nationwide argues that there is no evidence to support plaintiff's claim for bad faith in that Nationwide had reasonable basis for denying benefits under the policy. In support of this argument, Nationwide cites numerous facts uncovered through discovery tending to show that plaintiff and Yeskey were common-law husband and wife. When combined with Nationwide's conclusion that Yeskey intentionally set the fire, that provided a basis for denial of benefits under the "exclusions" section of the policy.

However, Nationwide fails to address the second prong of the definition of "insured" under the policy, that the "relative" live in the policyholder's "household." As plaintiff points out in his brief to this court, throughout the same discovery it was revealed that Yeskey was no longer a member of plaintiff's household and moved to the state of Virginia some eight months prior to the fire.

While there is a basis to conclude that plaintiff and Yeskey were legally married to each other as the result of a common-law marriage in accordance with Pennsyl-

vania law; there is no basis to conclude that Yeskey was a member of plaintiff's household at the time of the fire.

Thus, this court rejects Nationwide's argument that the record is devoid of support of plaintiff's allegation of bad faith against Nationwide, in that Nationwide did not have a reasonable basis for denial of benefits under the "exclusions" section of the policy with plaintiff.

Wherefore, this court enters the following:

## ORDER

And now, October 26, 2004, upon consideration of the motion for partial summary judgment filed on behalf of the defendant, Nationwide Mutual Fire Insurance Company, and upon further consideration of applicable law, and the briefs and arguments of counsel, it is hereby ordered and decreed that defendant's motion for partial summary judgment is denied.