**Delvecchio v. Muller's Diner d/b/a Muller's Dinner/My Place Bar and Grill and Pocono Area Restauranters, Inc.**

C.P. of Monroe County, no. 4457 Civil 2010.

*Michael T. van der Veen*, for plaintiff.
*Matthew P. Barrett* and *Norman D. Namey*, for defendants.

## OPINION

SIBUM, *J.*,    October 21, 2010—Plaintiff filed a

complaint against defendants seeking damages for injuries allegedly sustained by plaintiff when he went to defendant Muller's diner to assist in breaking up a fight. In his complaint, plaintiff alleges that on February 19, 2010, he was visiting a friend's business in Monroe County when his friend received a telephone call requesting assistance in breaking up a fight at defendant Muller's diner d/b/a Muller's diner/My Place Bar and Grill ("defendant")[1]. Plaintiff and his friend proceeded to defendant's business. When they arrived, the fight had spilled into defendant's parking lot. Plaintiff and his friend assisted in breaking up the fight. While helping to break up the fight, plaintiff was beaten and pistol-whipped in defendant's parking lot. As a result of the beating, plaintiff sustained a left pneumothorax, rib fracture, partial amputation of the right thumb, nasal fracture, head lacerations, concussion, right eye contusion, thumb fracture, multiple facial fractures, and multiple abrasions and contusions. The injuries were inflicted upon plaintiff by unidentified patrons of defendant's business. Plaintiff asserts in his complaint that defendant is liable under a theory of negligence in failing to provide proper security for allowing the dangerous condition to exist, and for failing to warn plaintiff of the dangerous activity. Plaintiff also alleges negligence under the Dram Shop Act and asserts a claim for punitive damages, as well. Defendant filed preliminary objections to the complaint. Both parties filed briefs, and oral argument on the preliminary objections was heard before the court

---

1. Defendant Muller's Diner, d/b/a Muller's Diner/My Place Bar and Grill, acknowledges in its preliminary objections that it has been incorrectly identified in plaintiff's complaint as well as the caption to this action. Defendant's correct name is Eight Wonders of the Poconos, Inc., t/a/ Muller's Diner.

on September 7, 2010. We are now prepared to dispose of defendant's preliminary objections.

## DISCUSSION

In its preliminary objections, defendant has filed a demurrer as to plaintiff's entire action alleging that defendant, as a matter of law, is not liable to plaintiff for the injuries plaintiff sustained from unnamed patrons of defendant's business. Alternatively, defendant moves to dismiss plaintiff's action for failure to join an indispensable party and by failing to join the person or persons who assaulted him. Defendant also demurs to plaintiff's claim for punitive damages and has filed a motion to strike for insufficient specificity of pleading. We will begin by addressing plaintiff's demurrer to the entire action.

Preliminary objections may be filed by any party to any pleading on several grounds, including legal insufficiency of a pleading (demurrer). Pa. R.C.P. 1028(a)(4). In ruling on preliminary objections, we recognize that the court must accept as true "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom...." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth.1990). The court need not accept as true, however, "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Cmwlth. 1998).

When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the cases which are clear and free from doubt. *King v. Detroit Tool Co.*, 682 A.2d 313, 314 (Pa. Super. 1996). Alternatively, a motion to strike a pleading may be

granted when lack of conformity to a law or a rule of court occurs. Pa.R.C.P. §1028(a)(2).

A demurrer tests the legal sufficiency of the pleading. *Sutton v. Miller*, 592 A.2d 83 (Pa. Super. 1991). In determining whether the factual averments of a complaint are sufficient to state a cause of action, all doubts must be resolved in favor of the sufficiency of the complaint. *Slaybaugh v. Newman*, 479 A.2d 517, 519 (Pa. Super. 1984). A demurrer will be sustained only where the complaint demonstrates with certainty that under the facts averred within, the law will not permit a recovery. *Id.*; see also *Cianfrani v. Commonwealth, State Employees' Retirement Bd.*, 479 A.2d 468, 469 (Pa. 1984). If any theory of law will support the claim raised by the complaint, dismissal is improper. *Slaybaugh*, 479 A.2d at 519; *Cianfrani*, 479 A.2d at 469. Conclusions of law and unjustified inferences are to be disregarded when ruling on a demurrer. *Aetna Electroplating v. Jenkins*, 484 A.2d 134 (Pa. Super. 1984).

Defendant's preliminary objection in the nature of a demurrer challenges plaintiff's complaint as failing to set forth a cause of action for which relief may be granted. Specifically, defendant argues that it had no duty to warn or protect plaintiff from the fight or the dangers arising therefrom. As such, defendant asserts that plaintiff has failed to state a cause of action for negligence against it and that the complaint should be dismissed.

As a possessor of land, the duty owed by defendant to plaintiff depends upon plaintiff's status. As an invitee, a plaintiff is granted the highest status under the law. But even under this highest standard, a defendant is not an

insurer of a plaintiff's safety. Rather, a defendant's duty is only to use reasonable care to protect his or her invitees from unknown or non-obvious dangers. *Holpp v. Fez, Inc.,* 656 A.2d 147, 149 (Pa. Super. 1995). Our Pennsylvania Supreme Court delineated the liability of a possessor of land who holds that land open to patrons for business purposes. *Moran v. Valley Forge Drive-In Theater, Inc.,* 246 A.2d 875, 878 (Pa. 1968). In the *Moran* case, the Supreme Court affirmed that the law regarding this duty is set forth in Section 344 of the Restatement of Torts, Second. In setting forth the standard of liability for the possessor of land who holds open that land to patrons for business purposes, the Supreme Court noted:

> A possessor of land who holds it out to the public for entry for his business purposes is subject to liability to members of the public while upon the land for such a purpose for bodily harm caused to them by the accidental, negligent, or intentionally harmful acts of third persons...if the possessor by the exercise of reasonable care could have
>
> (a) discovered that such acts were being done or were about to be done, and
>
> (b) protected the members of the public by
>
> (i) controlling the conduct of the third persons, or
>
> (ii) giving a warning adequate to enable them to avoid the harm....

*Id.* at 878. The Supreme Court in *Moran* went on to recite, at section 344 of the Restatement of Torts, Second, as follows:

Since the possessor is not an insurer of the visitor's safety, his is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience that there is a likelihood of conduct on the part of the third persons in general which is likely to endanger the safety of the visitor, even though he had no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience is such that he should reasonably anticipate a careless or criminal conduct on the part of a third person, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

*Id.*

Applying the above law to the well pled factual allegations contained in plaintiff's complaint, we must conclude that plaintiff's complaint has failed to allege a cause of action upon which relief can be granted. Accepting the well pled factual allegations of plaintiff's complaint and giving plaintiff all reasonable inferences derived therefrom, plaintiff's complaint has established the following: plaintiff appeared at defendant's business after being prescent when his friend received a phone call requesting the friend's assistance to break up a fight at defendant's place of business. According to plaintiff's complaint, plaintiff and his friend then "proceeded to defendant's business and, while assisting in breaking up the fight that spilled into the parking lot by the time of their arrival, plaintiff was beaten and pistol-whipped in

the parking lot, causing plaintiff to suffer severe bodily injuries." Based upon the allegations of plaintiff's own complaint, plaintiff was not initially involved in the fight. Rather, he learned of the fight while at another location and then knowingly presented himself to the area of the fight. Accepting plaintiff's well pled facts as true, we conclude that the danger to the plaintiff, the fight, was known and obvious and, therefore, defendant had no duty to warn plaintiff of the known and obvious danger of the fight.

In his brief, plaintiff tries to distinguish the instant matter from the *Holpp v. Fez* case, supra., in an attempt to impose upon defendant a duty to protect plaintiff from harm. Plaintiff argues that *Holpp* is inapplicable to the present case because *Holpp* involved injuries sustained by a police officer while on duty. We disagree. In *Holpp*, the plaintiff was a police officer who had been called to the defendant's establishment to quell a disturbance. *Holpp*, 656 A.2d at 148. He agreed to return at a later time to provide further assistance if necessary. *Id.* When he returned, he was acting in his official capacity, was aware of the potential for violence among patrons who had been consuming alcoholic beverages, and was conscious of the attendant risks. *Id.* at 149.

The issue of the plaintiff's occupation as an on-duty police officer pertained only to the determination of his status as either a licensee or an invitee and the resultant duty owed to the plaintiff by the defendant. The *Holpp* court held that regardless of whether the plaintiff police officer was an invitee or a licensee, the trial court could conclude, as a matter of law, that the defendant had breached no duty to the plaintiff. *Id.*

Plaintiff also cites to the case of *Moran v. Valley Forge Drive-ln Theater, Inc.*, supra., for the proposition that defendant owned a duty to warn and protect plaintiff from harm. In that case, the plaintiff went to the restroom while patronizing the defendant's drive-in movie theater. *Moran*, 246 A.2d at 877. While approaching the restroom, plaintiff observed 6 to 8 boisterous teenagers in the vicinity of the restroom. *Id.* While the plaintiff was using the facilities, a lighted firecracker exploded causing plaintiff temporary hearing loss and related injuries. *Id.*

The record in that case further revealed that there were approximately 12 prior incidents of firecrackers being set off on the theater premises over the preceding two years, including on one occasion, a firecracker explosion in the men's bathroom. *Id.* The theater gave no warning, either by prohibiting the lighting of firecrackers or by signs warning patrons of the possibility of firecrackers being exploded on the premises, although three security personnel charged with maintaining decorum were on duty the night of plaintiff's accident. *Id.* at 877-78.

In finding that the plaintiff had establish sufficient facts from which the jury could reasonably infer negligence on the part of the theater, the *Moran* court found that under the facts as alleged in that case, the plaintiff had reason to know of the firecracker danger. *Id.* at 878-79. The *Moran* court specifically noted that a landowner has a duty to protect visitors of dangers of which the landowner knew or had reason to know. *Id.* at 878. The court found that the prior occurrences of rowdiness by teenagers, the multitudinous firecracker explosions, and the inability of theater personnel to maintain proper decorum were sufficient to put the defendant on notice of the danger

and to create a duty for defendant to warn or protect the plaintiff from firecracker danger. *Id.* While we agree with the law as stated and applied in the *Moran* case, we find that the present matter is factually distinguishable from *Moran* for several reasons.

First, the issues before the court in *Moran* were whether the defendant theater knew or had reason to know of the danger (the firecracker explosion in the men's restroom) and whether the defendant theater took adequate measures to either warn patrons of the possible danger or to prevent acts on the part of third persons which might injure patrons of the theater. Second, the danger in *Moran* was unknown to the plaintiff prior to the incident. Here, unlike *Moran*, the plaintiff learned of the danger, the fight, prior to proceeding to defendant's place of business. The fight was a known danger to plaintiff when he went to defendant's business. In fact, plaintiff went with his friend who had been called to defendant's premises in order to assist in breaking up the altercation. There are no allegations in plaintiff's complaint of any danger unknown to plaintiff from which defendant would have had an obligation to warn or protect plaintiff. As such, the issue of whether defendant knew of the danger or took adequate measures to protect patrons is irrelevant.

Even if the issue were of relevance to our inquiry, we note that plaintiff's complaint does not contain any well pled allegations of previous physical altercations or similar events by the unknown individuals who beat plaintiff or other third parties at defendant's place of business which would impose a duty to warn or protect on defendant. Admittedly, paragraph 13 of plaintiff's complaint contains boiler plate allegations which attempt to impart such a

duty on defendant. However, the allegations are just that - boilerplate. They are not well pled factual allegations and do not contain any specificity. Without the requisite specificity, defendant is not able to defend plaintiff's complaint, nor is the court able to consider the allegations when deciding defendant's preliminary objections. Based upon the allegations set forth in plaintiff's complaint, we find that defendant owed no duty to warn or protect plaintiff from the known danger of the fight in question.

Having found that defendant owed no duty to warn plaintiff, we are compelled to conclude that any alleged violation of the Dram Shop Act by defendant was not the proximate cause of plaintiff's harm. *Holpp v. Fez, Inc.*, 656 A.2d at 150; *Miller v. Brass Rail*, 702 A.2d 1072, 1078 (Pa. Super. 1997). Based on the foregoing, we will sustain defendant's preliminary objection in the nature of a demurrer. Accordingly, we enter the following order.

## ORDER

And now, October 20, 2010, defendant's preliminary objection to plaintiff's complaint in the nature of a demurrer is sustained. Plaintiff's complaint as to defendant, Muller's Diner, d/b/a Muller's Diner/My Place Bar and Grill, only, is dismissed with prejudice.